CRAIG, STATE TAX COLLECTOR, *v.* SOUTHERN NATURAL GAS Co.

(In Banc.   May 25, 1942.)

[8 So. (2d) 230.   No. 35053.]

Alexander & Satterfield and **Forrest B. Jackson,** all of Jackson, for appellant.

**R. H. & J. H. Thompson** and **Fulton Thompson,** all of Jackson, and **Cabaniss & Johnston,** of Birmingham, Ala., for appellee.

Green & Green, of Jackson, **Bramlette & Bramlette**, of Woodville, Canada, **Russell & Turner**, of Memphis, Tenn., and **Wm. A. Dougherty**, of New York City, amici curiae.

Argued orally by **Jas. A. Alexander**, for appellant, by **J. H. Thompson**, for appellee, and by **Garner Green**, amici curiae.

**Smith, C. J.**, delivered the opinion of the court.

This is an action at law by the appellant to recover from the appellee, a Delaware corporation, privilege taxes

alleged to be due by it to the state for the years 1936 to 1940, inclusive, under Section 180, Chapter 20, Laws Ex. Sess. 1935, a demurrer to the declaration was sustained and the cause dismissed. The demurrer challenged (1) the authority of the State Tax Collector to sue for the privilege tax imposed by this statute, and (2) the right of any one to sue therefor in the absence of an order by the Tax Commissioner setting forth the "units to be used in determining the tax due to be paid by the public utilities," required by Section 182 of the statute. If it appears from the appellant's declaration that no such "findings, determination and classification" of the appellee's pipe line has been made by the Tax Commissioner, the case while factually different from Craig v. Columbus & Greenville R. Co., 192 Miss. 461, 5 So. (2d) 681, is within and governed by the rule there applied, and the judgment of the court below must be affirmed on the second ground of the demurrer. We will, therefore, come at once to that ground of the demurrer.

Section 180, Chapter 20, Laws of Ex. Sess. of 1935, which deals with privilege taxes, imposes "upon each person engaging or continuing in this state in the business of operating a pipe line or transporting in or through this state oil, or natural or artificial gas, through pipes, or conduits, a tax, as follows:

"On each mile of pipe having a diameter of 20 inches or more . . . $50.00," etc.

The tax is payable to the Chairman of the State Tax Commission, designated in the statute, and hereinafter, as the "Tax Commissioner," in December of each year, who, on receipt thereof, issues the applicant a license for conducting the business for the year following. Sections 181-183[1] impose on the Tax Commissioner the duty to

---

[1]"Sec. 181. Each person required by the foregoing eight sections to pay a privilege tax, doing business in this state, shall annually on or before the first day of June in each year, under oath, make and file with the tax commissioner an application upon blanks prescribed and

furnished by and in such form as the tax commissioner may prescribe, which shall contain:

"1. The name of the company.

"2. The nature of the company, whether a person or persons, or association or corporation, and under the laws of which state or county organized.

"3. The location of its principal office.

"4. The name and postoffice address of the president, secretary, auditor, treasurer, and superintendent, or general manager.

"5. The name and post office address of the chief officer or managing agent of the company in this state.

"6. The entire gross earnings, including all sums earned or charged, whether actually received or not for the next preceding calendar year, or fiscal year, from every source derived, and business done within this state; and the total gross earnings of such person, firms or corporation for such period.

"7. The total number of miles of railroad track operating within and without this state; the total number of miles of gas mains or pipe lines, and the diameter of same, specifying the number of miles of each diameter of pipe, or total number of miles of railroad over which its business is carried or its cars operated; or the total number of pole miles; but each person shall be required to furnish in his application only the information pertaining to his operation; and such other and further information as the tax commissioner may require.

"Sec. 182. The tax commissioner shall annually, on the first Monday in July, or as soon thereafter as is practicable, but not later than the first Monday in August of each year, classify the several railroads, and the branches thereof, operating through this state in proportion to the gross earnings or volume of business of each, into five classes numbered consecutively from one to five; and at the same time shall ascertain and set forth the units to be used in determining the tax due to be paid by the public utilities or persons hereinbefore mentioned, and make such classification of the same as will clearly show the amount of tax to be paid by each such public utility, or person, and shall enter his findings in a suitable book, and the same. when made, shall remain open and subject to objections thereto, if any, which must be filed in writing by the taxpayers for a period of thirty days.

"It shall be the duty of the tax commissioner to hear and determine all objections filed, and he may make such correction in his determination, classification, findings or order, as he may deem proper, and his decision in the matter shall be final, except as to the right of such order or findings to be reviewed by a court of competent jurisdiction. The findings, determination, and classification, as made by the said tax commissioner shall be entered in a suitable book and a copy thereof

certified to the auditor of public accounts to be preserved by him as a record in his office, for the purpose of auditing the proper tax to be collected from the respective taxpayers affected by said order.

"Sec. 183. If at any time any person liable for a tax under the nine next preceding sections, shall increase its classifications so as to require the payment of an additional tax, or shall begin business or construct, or operate additional taxable units, application shall be made to the tax commissioner for additional privilege license, and upon the determination by the tax commissioner of the amount of the tax due, shall pay. the same. The tax commissioner shall issue such privilege license to expire on December first following, and shall collect the pro rata annual tax according to the number of months between the date of liability and December first following."

"ascertain and set forth the units to be used in determining the tax due to be paid by" a person engaged in the business of operating a pipe line "and make such classification of the same as will clearly show the amount of tax to be paid by" him, and to "enter his findings in a suitable book."

The declaration alleges in substance that the appellee filed with the Tax Commissioner for each of the years here involved the statement required by Section 181. of the statute, showing the length and diameter of its pipe line. Each of these statements setting forth that "the information herewith supplied by the undersigned is submitted to the Tax Commissioner solely for statistical purposes and is not to be treated as an admission of liability for the payment of the privilege tax on pipe lines provided for by Section 178 of House Bill No. 1137, chap. 120, being the privilege tax law of 1940, since the undersigned is advised and believes and takes the position that, because of the interstate character of its business, it is not liable for the payment of the tax." The declaration then proceeds "that nevertheless during each of said years the said State Tax Commission and Tax Commissioner entered an order in its record of minute books to the effect that it could not perform the said duties imposed upon it because of a restraining order theretofore issued against the State Tax Commission

in a suit in the Federal District Court of the Southern District of Mississippi, styled 'State Tax Commission of Mississippi v. Interstate Natural Gas Company,' and being number 344 on the equity docket of said Court, which the said Tax Commission said applied to it and prevented it from so doing. That the defendant was not a party to said suit, and the facts therein concerning the liability of the Interstate Natural Gas Company were entirely different from the facts herein alleged.'' Each of the orders here referred to set forth that ''it appearing that certain other pipe line companies and telephone companies have heretofore secured from the Federal District Court an order restraining the State Tax Commission from taking any steps to enforce the collection of privilege taxes from the said companies, upon the grounds that they are engaged solely in interstate commerce, and that the said order applies to the commissioner, and that he cannot perform the duties imposed upon him by The Privilege Tax Law of 1934, Laws 1934, chap. 118, as amended, with respect to the said companies.

''It is further ordered and adjudged, that the matter of determining the units and the amount of the privilege taxes due by the said companies, and other companies or persons operating in a similar manner, or any other persons, firms or companies, be, and the same is hereby continued until the said order of the Federal District Court has been dismissed, modified, or set aside; or until it shall appear that the Commissioner may lawfully proceed to determine the said units and the amount of privilege taxes due, reserving all rights as to the adjudication of any facts and laws, and the liability of the said companies for privilege taxes.''

It thus appears that no orders have been here made by the Tax Commissioner in compliance with Section 182 of the statute by which the privilege tax due by this appellee, if any, can be computed.

But the appellant says that no such order was here

necessary in order for the maintainance of this suit for two reasons:

(1) The statements filed by the appellee disclosed the length and diameter of its pipe line, thereby rendering it unnecessary for the commissioner to make an order finding those facts.

The Tax Commissioner was not bound by the appellee's admission as to the length and diameter of its pipe line. It was his duty to determine whether the appellee's claim as to the length and diameter of its pipe line was correct and he had the right under Section 242 of the statute to require it "to furnish such other and further information as in his opinion is necessary to ascertain the correct amount of tax due." His determination, when set forth in an order after hearing and passing on objections thereto by the taxpayer, is final "except as to the right of such order or findings to be reviewed by a court of competent jurisdiction." Sections 182 and 242 of the statute. Such is the method prescribed by the statute for ascertaining the amount of privilege tax due by a person engaged in the business of operating a pipe line, consequently it can be ascertained over the taxpayer's objection in no other way. When, but not before, the amount of this tax has been so ascertained a suit may be brought to collect it under Section 263 of the statute in event it has not been paid.

(2) The appellant's second reason in support of its claim that no such order was here necessary is that the declaration alleges that the State Tax Commission in assessing the appellee for ad valorem taxes in each of these years on the value of its pipe line set forth in its assessment the pipe's length and diameter. The State Tax Commission has nothing to do with the collection of this privilege tax, that duty being imposed by the statute on its Chairman designated therein as the Tax Commissioner. A casual examination of the pertinent sections of the statute will so disclose. The recital in this ad valorem assessment by the State Tax Commission of the

length and diameter of the appellee's pipe line was not binding on the Tax Commissioner when engaged in ascertaining the amount of the privilege tax due by the appellee. Moreover, the time when the State Tax Commission assesses property for ad valorem taxes, the method by which it proceeds and the matters it takes into consideration are different from the time, procedure, and matters considered by the commissioner in ascertaining the amount of privilege taxes due under Section 180 of the statute.

Since the judgment of the court below must be affirmed on the second ground of the demurrer, it will not be necessary for us to consider the first.

Affirmed.