CRAIG, STATE TAX COLLECTOR, *v.* STONE, STATE TAX COMMISSIONER, *et al.*

(In Banc. Jan. 18, 1943.)

[11 So. (2d) 433. No. 35244.]

Alexander & Satterfield and **Forrest B. Jackson,** all of Jackson, for appellant.

**J. H. Sumrall,** of Jackson, for appellee, A. H. Stone, Commissioner.

R. H. & J. H. Thompson and Fulton Thompson, all of Jackson, and Cabaniss & Johnston, of Birmingham, Ala., amicus curiae.

Green & Green, of Jackson, Maxwell Bramlette, of Woodville, Canada, Russell & Turner, of Memphis, Tenn., and Wm. A. Dougherty, of New York, N. Y., amicus curiae.

Argued orally by **John C. Satterfield** and **Jas. A. Alexander**, for appellant, and by **J. H. Thompson** and **Garner Green**, amicus curiae.

PER CURIAM:—This is the second appearance here of this cause of action although not exactly the same case. The ultimate purpose, however, is the same. Craig, State Tax Collector, v. Southern Natural Gas Co., 193 Miss. 76,

8 So. (2d) 230, which by reference is made a part of this opinion. In that case the State Tax Collector brought suit against the Gas Company to recover past due privilege taxes on its pipe lines in this state for the years 1936 to 1940, inclusive, under Section 180, Chapter 20, Laws of 1935, Ex. Sess. The case went off on demurrer. The questions raised by the demurrer were whether the State Tax Collector had a right to maintain the suit and whether there was any liability on the part of the Gas Company for the tax until there had been an assessment of the pipe line units by the State Tax Commissioner as provided by the statute. The court held that the suit could not be maintained because there had been no such assessment and pretermitted the decision of the other question. Thereupon the State Tax Collector brought the present action in the circuit court seeking mandamus to force the Tax Commissioner to make the necessary assessment. The trial court held that the Tax Collector had no authority to maintain the suit. We have reached the same conclusion upon the following considerations:

The State Tax Collector must find his powers in the statutes; he has none other. He confesses that he is unable to proceed under Section 6986, Code of 1930, because no assessment has been made and that therefore there is no accrued debt or obligation, as was held in the cited opinion.

His authority to interpose in the making of assessments is found in two sections only. The first is Section 6991, Code 1930, but this section plainly has reference only to ad valorem assessments, as has been held by the court in State Revenue Agent v. Tonella, 70 Miss. 701, 14 So. 17, 22 L. R. A. 346. The other section is Section 6992, Code 1930, but this section mentions only a tax on property, and it was held in Yazoo & M. V. Railroad v. Adams, 85 Miss. 772, 38 So. 348, that the section dealt only with ad valorem taxes and had no application to back assessments of privilege taxes. See particularly pages 797 to 799 of that report [38 So. 350, 351]. Since these

decisions both sections have been reenacted without any substantial change in language.

Appellant replies, as we understand it, to the point set forth in the foregoing paragraph with the argument that he is not demanding that the Tax Commissioner assess the property but only that he ascertain the taxable units, which when done, the law itself makes the assessment. Even so, that is one of the essential steps toward the assessment, and no statute whatever, expressly or by implication, authorizes the State Tax Collector to interfere in the taking of any of those preliminary steps. Except under Sections 6991 and 6992, Code 1930, the tax collector has no authority save as to past due obligations. The tax here demanded is not due as we held in the opinion first cited, and the two sections last mentioned have no application, as we have already shown.

This is enough to dispose of the present case without going into the numerous other questions discussed.

Affirmed.

**Alexander, J.,** took no part in this decision.