BAILEY, STATE TAX COLLECTOR v. EMMICH BROS.

In Banc.   Dec. 13, 1948.

(37 So. (2d) 797)

L. C. Franklin, Jr., for appellant.

674

Voller, Teller & Biedenharn, for appellee.

**Smith, J.**

This case originated in the County Court of Warren County, where the State Tax Collector filed an action against appellees "for the use of the City of Vicksburg," as stated in the declaration.

"That said defendants, M. B. Emmich, Helen B. Emmich, and Ethel R. Emmich, doing business as as Emmich Brothers, which is a store in the City of Vicksburg, Mississippi for the sale of goods, wares and merchandise were so engaged in said business on January 1, 1945, and have continued in same to the date of filing hereof. That during said period of time, that is, for the fiscal years from January 1st, 1945, to January 1, 1946 and from January 1st, 1946 to January 1st, 1947 and from January 1st, 1947 to January 1st, 1948 said defendants have engaged in said business without the payment of proper, adequate and sufficient municipal, store privilege license, as required by pertinent, applicable state laws enacted in the State of Mississippi and adopted by the said muni-

cipality of Vicksburg, Mississippi and computed in the manner and on the basis provided by said laws.

"That on October 27th, 1947, the plaintiff by his deputy additionally assessed said defendants with an additional Store Privilege Assessment, No. 4427 for said fiscal years: January 1, 1945 to January 1, 1946; January 1, 1946 to January 1, 1947 and from January 1, 1947 to January 1, 1948, additional assessment plus damages amounting to a total of nine hundred and eighteen and 75/100 dollars ($918.75), a copy of said assessment marked Exhibit 'A' is attached hereto and made a part hereof."

The defendants refused to pay such additional assessments, and the State Tax Collector, as stated, sued for the difference between the amount fixed by, and paid to, the local tax collector of the City of Vicksburg, and the amount fixed by the State Tax Collector, this difference being due to diversity in the respectively determined values of the stock of merchandise. Both collectors used the schedule of privilege taxes.

The purported assessment of this difference by the State Tax Collector was in the form of a letter, a copy of which was exhibited with the declaration, addressed to appellees, Emmich Brothers. The City of Vicksburg was not a party to it, and did not consent thereto, or authorize it; or have any thing to do with it.

The defendants demurred to the declaration on the grounds that the State Tax Collector had no right of action or authority in law to make an additional assessment with reference to the store tax for which suit was brought; that the exclusive assessing authority as to the privilege taxes in controversy was vested with the assessor of the City of Vicksburg; that the declaration shows on its face that the defendants had paid the store privilege tax assessment for the years in question in amounts satisfactory to, and received by, the taxing authorities of the City of Vicksburg, and that complainant had no power to impose an additional or different assessment; and, that, in the absence of an additional as-

sessment by the tax assessor and the governing authorities of the City of Vicksburg, who had the exclusive and sole right to make such additional assessments for said City under the statutory laws, there was no accrued debt or obligation which the State Tax Collector or anyone else had a right to seek to collect or a cause of action therefor.

The county court judge sustained the demurrer, and dismissed the action. In his opinion, the presiding judge of that court held that since the amount demanded by the State Tax Collector had never been imposed as a privilege tax against defendants by the municipal tax collector as comprehended under the provisions of Sec. 9696-03 of the 1946 Supplement to the 1942 Code, there was no ''past due'' obligations within the meaning of Sec. 9179, Code 1942. He also held that Secs. 9696-207 and 9696-208 of said supplement prescribed a specific exclusive method of ascertaining the correct amount of the privilege tax in the City authorities.

The State Tax Collector appealed to the circuit court, where the county court judgment was affirmed. The circuit judge held that the case of Craig v. J. A. Jones Const. Co., 195 Miss. 378, 15 So. (2d) 45, relied upon by appellants, was not in point, because of differences in that case and the one at bar. He also held that the instant case was controlled by Craig, State Tax Collector, v. Southern Natural Gas Company, 193 Miss. 76, 8 So. (2d) 230, and Craig, State Tax Collector v. Stone, State Tax Commissioner et al., 194 Miss. 767, 11 So. (2d) 433. From an adverse judgment, therefore, by the circuit judge, the State Tax Collector has appealed here, as stated.

It is contended by appellant that the Mississippi Statutes impose upon the State Tax Collector the duty to collect these taxes as unpaid debts from appellees. The statutes, to which the above references is made, are Secs. 9179, Code 1942; and Sec. 9746, Code 1942, as amended by Chap. 459, Laws 1946. Sec. 9179, supra, provides that

the State Tax Collector shall have the power and it shall be his duty to proceed by suit in the proper court against all persons, corporations, etc., ''for all past due and unpaid taxes of any kind whatever, whether of the state, county, municipality, drainage, levee or other taxing district, or any subdivision thereof, and for all past due obligations and indebtedness of any character due and owing to them or any of them, except penalties for the violation of the anti-trust laws and except income and inheritance taxes.''

Sec. 9746, Code 1942, as amended by Chap. 459, Laws 1946, provides that every lawful tax assessed, levied or imposed by the state, or by a county, municipality, or levee board, whether ad valorem (including separate or special school district taxes), is a debt due by the person or corporation owning the property or carrying on the business or profession upon which the tax is levied or imposed, whether properly assessed or not, or by the person liable for the income, inheritance or excise tax, ''and may be recovered by action; and in all actions for the recovery of ad valorem taxes the assessment roll shall only be prima facie correct.''

Appellant, as stated, relies upon Craig v. J. A. Jones Construction Co., supra, to support his claimed power as State Tax Collector in the premises. Without detailing the same, we content ourselves by stating that we agree with the circuit judge that the differences in that case and the one here before us are enough to remove it from controlling the issues before us. It does not deal with Sec. 9696-01 et seq., the ''Local Privilege Tax Law of 1944.''

As to Sec. 9179, supra, we held in Craig, State Tax Collector v. Stone, supra, ██ ██ that under that statute the State Tax Collector had no authority to collect back taxes, where no assessment had been made, and there was, therefore, no accrued debt or obligation. Nevertheless, that is what is being attempted here, in our opinion. This difference had never been imposed under

the "Local Privilege Tax Law of 1944," and the attempted invalid imposition thereof by the State Tax Collector was ineffectual to make refusal to pay it create a past due obligation. We said in Craig v. Stone, just cited, that: "The State Tax Collector must find his powers in the statutes; he has none other. He confesses that he is unable to proceed under Sec. 6986, Code 1930, because no assessment has been made and that therefore there is no accrued debt or obligation, as was held in the cited opinion." Sec. 6986, Code 1930, is now Sec. 9179, Code of 1942.

As to Sec. 9746, as amended by Chap. 459, Laws 1946, appellant relies on Delta & Pine Land Company v. Adams, State Revenue Agent, 93 Miss. 340, 48 So. 190, 193. That case dealt with assessment for ad valorem back taxes; under general authority, and is not pertinent here. While this statute embraces, within its provisions, privilege taxes, which may be recovered by action, the act itself limits the subject-matter to "Every lawful tax assessed, levied or imposed by the state, or by a county, municipality, or levee board, . . ." Here, we have, in our opinion, an unlawful tax attempted to be imposed by the State Tax Collector, and, therefore, no action will lie for its recovery from the taxpayer. In the case of State, ex. rel. Adams, Revenue Agent, v. Adler, 68 Miss. 487, 9 So. 645, 647, this Court held that: ██ ██ "The revenue agent is a pure collector, authorized only to collect taxes already assessed and delinquent, and having no authority to create the delinquency for which he may sue." This case also deals with assessment of property, but announces also the principle applicable to the privilege tax at bar, we think. The amount of the privilege tax on a person for operating a store depends on the value of the stock of merchandise. Sec. 9696-178, 1946 Supplement to the Code of 1942, which Act provides it shall be cited as "Local Privilege Tax Law of 1944." This value must be determined by someone, as to which we have said "The question of value is one of the most

difficult of solution in the administration of the law."
State Revenue Agent v. Tonella, 70 Miss. 701, 14 So.
17, 22 L. R. A. 346. Yet, here we are asked to construe the
law so that the Legislature will appear to have carelessly
provided that a traveling deputy state tax collector may,
without prescribed formality, fix the value. Such con-
struction would be unsound and ascribe undeserved
laxity to the Legislature. Especially is this true in the
case at bar in view of the meticulous care the Legislature
displayed in Secs. 9696-207 and 9696-208, in the "Local
Privilege Tax Law of 1944." Those two statutes, in
close detail, provide for application by the taxpayer
to the local tax collector, and a carefully worked out
system for the latter to determine and fix the proper
privilege tax, based on value.

But, appellant contends that such general powers are
conferred on the State Tax Collector by the statutes on
which he relies, as pointed out ante, as supersede those
conferred upon the local taxing powers of Vicksburg;
that the exceptions listed in Sec. 9179 do not number local
municipal taxation among them, and hence it is not ex-
cepted therefrom. Laying aside other elements involved,
for the moment, it is here only necessary to call attention
to the well-known principle of statutory construction
that ▆▆ a statute applying in general terms yields
to one applying in particular terms. Here, is not a matter
of exceptions listed in a general statute, but of specific
provisions in a special statutory system, applying gener-
ally to all municipalities adopting it. Here, obviously,
Sec. 9696-01 et seq., is a special and complete scheme of
taxation and collection by local authorities, and the
Legislature so construed it by entitling it "Local Priv-
ilege Tax Law of 1944." While this law provides for
local management of taxation, it applies generally to all
municipalities electing to come within its provisions.
Vicksburg so elected. If it be conceded here, for the sake
of discussion, but which we do not decide, that the gen-
eral statutes on which appellant relies, if standing alone.

would include the same matter as the "Local Privilege Tax Law of 1944," the particular and specific and special provisions of the latter would supplant the generic powers granted the State Tax Collector, because they have been expressly and exclusively conferred on municipal tax authorities in relation to the matter of municipal privilege taxes. Greaves et al. v. Hinds County, ex rel., 166 Miss. 89, 145 So. 900.

Let us now examine the "Local Privilege Tax Law of 1944." Sec. 9696-01 defines "officer collecting the tax" to mean "the sheriff and tax collector of the county, or in the case of municipalities, the person who collects the taxes for the municipality, . . ." It also provides that all licenses shall be good, usuable and valid for one year from the date thereof, unless a more limited time is shown, and shall never be issued for a longer period than one year.

Sec. 9696-03 requires that every person desiring to engage in any business specified in the Act shall first, before commencing the same, apply for, pay for and procure, if such business is located in a municipality having adopted "this privilege tax code," a privilege license authorizing him to engage in such business.

Sec. 9696-178 contains the schedule of privilege tax in proportion to listed values of stocks of merchandise, as applicable under the act to all persons operating a wholesale or retail store for the sale of goods, wares and merchandise. The appellees operated a store in the City of Vicksburg. The section provides that any license issued under its provisions shall be revoked by the officer issuing it, if an investigation by him, or at his instance, or on the complaint of any citizens of this State, discloses that the conditions imposed by the section have not been, or are not being, complied with.

Sec. 9696-207 requires that application for a privilege license shall be made to the officer who is required to collect the tax. It must be sworn to and shall be on blanks furnished by such tax collector. Such officer may require

additional information, but in any event, the officer who is required to collect the tax, (that is, in the case at bar, the municipal tax collector), must receive certain information detailed in the statute. The application must be accompanied by the amount of the privilege tax as required by law. The application must be preserved for three years for the grand jury, the courts and any duly authorized officer of the State.

Sec. 9696-208, in great and careful detail, requires that upon receipt of the application, and payment of the privilege tax shown therein to be due, the officer, to whom the application is made, must determine if it is proper form, if the amount tendered be correct, and may require "the applicant to furnish such other and further information as in his opinion is necessary to ascertain the correct amount of tax due. When the correct amount of the tax has been so ascertained, . . .", a privilege license shall by such office be issued to the applicant, according to the application. The license is to be dated as of the first of the month of its issuance. It shall be "good, usuable, and valid for one year after the date thereof, or for such other period as is fixed by law for the privilege, . . ." which period shall be designated in the license. The license is recorded in a book, issued in duplicate, the original transmitted to the licensee, and the duplicate retained by the collector as a permanent record of his office.

The statute, furthermore, deals with the matter of increase of the privilege tax by the local authorities in a carefully devised procedure, even after the privilege tax has been paid, and the license issued. This is the function which the State Tax Collector has assumed to perform in the case at bar, so that this part of Sec. 9696-208 of "The Local Privilege Tax Law of 1944" is particularly pertinent. It provides that: "If, however, such officer, shall, before issuing the said license, or at any time thereafter, have reason to believe that the statements of the business contained in the application are incorrect or

false in any material particular, the said officer shall duly notify the applicant wherein the supposed discrepancy lies, and he is hereby empowered to require the applicant to render such other information as will enable him to determine the proper tax due. After making such determination of the proper tax due, . . . if the license shall have been issued under the original application, *he shall collect the difference between the sum shown to be properly due, and the sum paid with the original application, and shall issue an additional license therefor which shall expire at the same time as the original.*" (Italics ours.) There is to be no penalty if the additional tax be paid in thirty days, and a willful refusal to furnish the additional information will be followed by imposition of damages on the derelict taxpayer, and such taxpayer "may be proceeded against civilly or criminally as otherwise provided herein, . . ."

Sec. 9696-226 makes it the duty of the municipal tax collector to require all persons liable therefor to pay privilege taxes; cause any person, failing to pay, to be prosecuted; to make demand for payment, plus 50 per cent penalty, and if payment be not made on demand, he *"shall forthwith bring suit in his official character,"* (Italics ours) against all such persons legally liable for privilege licenses, and such suits must be prosecuted to final judgment and execution, if judgment be for such officer. The officer, to whom reference is made, is the "officer collecting the tax," as defined pertinently to the instant case by Sec. 9696-01, supra, "the person who collects the taxes for the municipality." It will therefore be seen that the Local Privilege Tax Law of 1944 expressly confers on the municipal tax collector the exclusive power to sue for past due privilege taxes, and that this section also gives a definition of "past due."

The municipal tax collector is liable for heavy penalties if he fail to perform these duties. And Sec. 9696-228 provides that "Any persons failing to pay the privilege

taxes imposed by this act, and to obtain a license as hereby required, but pursuing the business for which a privilege tax is imposed without procuring such license, may be proceeded against by suit, . . . and the officer required to collect the tax may seize and sell any property of such person liable for such tax and penalty, in the same manner as he may distrain and sell property of other taxpayers delinquent for the payment of ad valorem taxes due on personal property." This statute is not especially pertinent to the precise issue before us, but is relevant as demonstrating a complete statutory scheme as to municipal taxation. This section also inferentially defines "past due" privilege taxes, and commits suits therefor, when due a municipality, to the local authorities.

Aside from the fact that the amount for which the State Tax Collector sued was not a "past due" obligation within the applicable statutes, supra, or even under the statute on which the authority is claimed, that officer had no power to assess these appellees as was attempted, and this action in so doing, under the circumstances, was illegal and of no effect. It is not necessary, in our judgment, to prolong this already too long opinion, by discussing the numerous cases cited on both sides, in view of the explicit provisions of "The Local Privilege Tax Law of 1944." No construction of it has heretofore been made by us. We think that Sec. 9696-01 et seq., in which it is provided that it is to be cited as the "Local Privilege Tax Law of 1944" clearly answers all of appellant's arguments seeking to sustain the right of the State Tax Collector to make the so-called assessment and to sue for same, for the use of the City of Vicksburg, in the case at bar, without citation of any court decisions. The Local Privilege Tax Law of 1944 confers the power and duty exclusively upon the proper municipal taxing officer.

In view of what we have said, we are constrained to affirm the judgment of the circuit court affirming the judgment of the county court.

Affirmed.