STATE *v.* ROGERS

In Banc. Mar. 28, 1949.

(39 So. (2d) 533)

Suggestion of Error Overruled May 23, 1949.

644

**John E. Stone,** Assistant Attorney General, for appellant.

John T. Armstrong, Henley, Jones & Woodliff, for appellee.

**Montgomery, J.**

W. A. Rogers brought this suit to cancel the claims of the State of Mississippi to approximately 1080 acres of land in Simpson County as a cloud on his title.

The bill alleges that the State's claim is based upon pretended tax sales by the tax collector of Simpson County, one dated April 6, 1936, wherein certain of the lands were sold, and the other dated September 19, 1938, wherein the remainder of the lands were sold, and at both sales the land was sold to the state. It is further alleged in the bill that the tax sale of April 6, 1936, was cancelled by a decree of the Chancery Court of Simpson County, dated December 23, 1942, rendered in Cause No. 4958 on the docket of said Court, styled Carl N. Craig, State Tax Collector v. J. J. Murphy et al., and that the tax sale of September 19, 1938, was cancelled by a decree of the Chancery Court of Simpson County, dated November 23, 1940, rendered in Cause No. 4728, on the docket of said Court, styled Carl N. Craig, State Tax Collector v. J. J. Murphy et al., copies of the bill of complaint, the answer, and the final decree in Cause No. 4728 are filed as exhibits to the bill. The Court file in Cause No. 4958 seems to have been missing, but a copy of the docket entries and a copy of the final decree in Cause No. 4958 was also exhibited with the bill. The bill alleges the State Tax Collector was authorized to bring suits and bind the

State thereby, and there was no appeal from either decree, and same are now final. Notwithstanding the aforesaid litigation it is alleged in the bill that the State Land Commissioner refuses to recognize the said Court decrees and has continuously offered said lands for sale and this action constitutes a cloud upon his title. The prayer of the bill is for a cancellation of the State's claim as a cloud on Rogers' title. The State, through the Attorney General, filed both special and general demurrers to the bill, and there was a decree in the lower court overruling them. The trial court granted an interlocutory appeal to settle the principles of the case and the State appeals here.

The only question necessary for determination here is the ruling of the trial court on the general demurrer and we will restrict our consideration to ground three thereof which is that the State Tax Collector was without authority to institute or prosecute either Cause No. 4958 or Cause No. 4728, and that the final decrees entered therein are without any validity whatever.

Rogers, in his bill, alleges no independent fact or facts invalidating the tax sale but relies solely on the final decree in the Chancery Court of Simpson County, and the effect of his bill of complaint is to allege the tax sales were void solely because they were decreed to be void by the Chancery Court of Simpson County in the two abovementioned decrees which are are now final. If, as claimed by the Attorney General, the State Tax Collector had no authority to bring suit on behalf of the State of Mississippi, then the State of Mississippi was not a party to said suits and would in nowise be bound thereby. The State does not legally become a party to a suit brought on its behalf unless the suit is brought by some officer having statutory authority so to do and a suit brought by the State Tax Collector, which he had no statutory authority to bring is not binding on the State, and the decree therein is not res adjudicata against the State.

State ex rel. Rice v. Stewart, 184 Miss. 202, 184 So. 44, 185 So. 247.

Let us therefore look to the pleadings in the above-mentioned Causes Nos. 4728 and 4958 in the Chancery Court of Simpson County and determine whether the State Tax Collector had authority by statute to bring the respective suits, therein brought, and to bind the State of Mississippi thereby.

Let us now look into the nature and character of the suits No. 4728 and No. 4958, above referred to, and consider the statutory authority of the State Tax Collector to institute and maintain them. The original bill in the case before us alleges that the tax sale in Cause No. 4728 was made on September 19, 1938, but the bill in that case alleged that the lands were sold on September 19 and October 31, 1938, when the Sheriff and Tax Collector of Simpson County undertook to sell the lands involved in that suit for ad valorem taxes due thereon for the year 1937 and sold same to the State of Mississippi, but that said attempted sales were void because they were not made at the time and in the manner provided by law but were made on September 19 and October 31, 1938, without any previous valid order of the Board of Supervisors directing the Sheriff and Tax Collector of said County to make said sales, the same being on dates other than on the first Monday of the month and that all of the lands were part of one tract and should have been sold together but were sold separately; that the taxes have not been paid or discharged and constituted a debt due by Murphy along with the taxes for 1938, 1939, and 1940. The prayer of the bill was that the tax sales be decreed void, that the court ascertain the taxes due and render judgment therefor against Murphy together with legal interest and damages thereon, that same be fixed as a lien on the lands and the lands to be sold to satisfy the same. Attached to the bill was an exhibit showing the description of the lands containing all or parts of some 84 sections and showing taxes due for 1937 in the amount of $6,343, for 1938,

$5,269.84, for 1939, $5,206.20, for 1940, or a total of $22,-025.24 to which taxes and damages were to be added.

There was an answer by Murphy in which he graciously admitted practically all of the allegations of the bill except his personal liability for the taxes.

The decree of the court decreed the tax sales to be void, rendered judgment against Murphy for $7,500 to be paid in ten days and ordered the clerk to sell the lands for payment of same on Murphy's default. From this decree there was no appeal. It was rendered on November 15, 1940, and Murphy paid the amount found due.

The tax sales were for 1937 and were attacked in that proceeding on two grounds, (1) that the sales were made on September 19, 1938, and October 31, 1938, which were alleged to be unlawful days and (2) that the lands were all one tract but were sold separately. Neither objection contained any merit against the sales involved.

 One of these sales was made on September 19, 1938, and the other sale was made under an order of the Board of Supervisors, on October 31, 1938, for 1937 taxes. At the time of these sales, Section 3249, Code of 1930, had been amended by Chapter 188, Laws of 1934, and again amended by Chapter 69, Laws Ex. Sess., 1938, which was approved by the Governor on August 20, 1938, and went into effect from and after its passage. This law now appears as Section 9923, Code of 1942. Under it the third Monday of September is a lawful date for the sale of lands for taxes and September 19, 1938, fell upon the third Monday of September. As to the sale on October 31, 1938, which fell on the last Monday in October, 1938, it was provided by Chapter 150, Laws of 1936, now appearing as Section 9926, Code of 1942, that if from any cause a sale of land for taxes, which is liable to such sale, shall not be made at the time appointed by law for such sale, it may be sold thereafter, in the same or subsequent year, at any time designated by order of the Board of Supervisors. This sale was admittedly made under an order of the Board of Supervisors and the only objection made

to the order in the bill was a conclusion of the pleader that it was invalid. Both dates were lawful for the sale of lands for taxes. September 19 was lawful under the statute, and the Board had authority thereunder to fix October 31 as the date for sale of lands that had escaped sale for taxes.

As to the allegation that said lands constituted one tract but the lands were sold under separate sales and the tax sales were on that account void, there was no merit in that ground for the reason that Chapter 69, Ex. Sess., 1938, now appearing as Section 9923, Code of 1942, provided that each separate assessment as it appears and is described on the assessment roll shall constitute one tract for the purpose of sale for taxes, notwithstanding the fact that the person who is the owner thereof, or to whom it is assessed, is the owner of or is assessed with other lands, the whole of which constitutes one entire tract but appears on the assessment roll in separate subdivisions. Hence that objection to the tax sale was also without any merit whatever.

The bill of complaint, in Cause No. 4728, therefore contained no allegation of fact showing an invalid tax sale. Hence it alleged only a valid tax sale and sought to recover the taxes as a debt although the lands had been lawfully sold for the taxes.

By way of summing up our conclusions thus far, we find that the bill in Cause No. 4728 did not allege an invalid tax sale but alleged a valid tax sale and, notwithstanding the fact that the lands, so far as alleged in the bill, were validly sold for the taxes, nevertheless sought to recover judgment for the taxes as a debt under Section 3122, Code of 1930. This cannot be done. By its purchase the State becomes the owner of the land and the taxes before due are discharged as a demand against the former owner. After the sale, and during the time allowed for redemption, the state has an inchoate title to the land, which may or may not ripen into a perfect one; but the sale being made, the personal liability of

the owner is discharged and thereafter only the land is debtor for its taxes. McLaren v. Moore, 60 Miss 376; Carrier Lumber & Mfg. Co. v. Quitman County, 156 Miss. 396, 124 So. 437, 125 So. 416, 66 A. L. R. 614; Nickey v. State, 167 Miss. 650, 145 So. 630, 146 So. 859, 147 So. 324. Hence the bill alleging no fact showing the tax sale invalid, alleged in effect a valid tax sale of the land, which, by operation of law, operated as an extinguishment of the personal liability of the owner of the lands for the taxes and left the land only as debtor for its taxes. The bill in the case before us alleges invalidity in the tax sale except that it was decreed invalid by the decree made an exhibit to the bill and this is admitted to be true by the demurrer. Hence it follows as a necessary conclusion that the bill before us, so far as it concerns the taxes due on the lands involved in Cause No. 4728 in the Chancery Court of Simpson County, states no cause of action, and the final decree rendered by the Chancery Court of Simpson County concerning these lands is void and is of no effect and cannot be invoked here. Pease & Dwyer Co. v. Somers Planting Co., 130 Miss. 147, 93 So. 673; George v. Solomon, 71 Miss. 168, 14 So. 531; Garland v. Hull, 13 Smedes. & M. 76, 51 Am. Dec. 140; Belew v. Jones, 56 Miss. 342.

Now let us look to the other suit, No. 4958, and determine its nature and scope. ▉▉ The Court file seems to have been lost but the final decree is filed as an exhibit to the bill in the suit now before us and in that final decree we find the following: "That the tax sale made by the Sheriff of Simpson County of the hereinafter described lands was void and conveyed no title whatsoever for the reason that the Sheriff did on the —— day of —— . . . offer for sale and sell the said lands in blocks and not sold in subdivisions as required by Section 3249 of the Code of 1930, but that more than a legal subdivision was included in each and every sale . . ." The bill in this case now before us, to which the above decree was made an exhibit, alleges that the tax sale complained of

in that case, No. 4958, was made on April 6, 1936, which of course was the first Monday of April, 1936, and a lawful day for the sale of lands for taxes, as provided for by Chapter 188, Laws of 1934. But when said sale was made on April 6, 1936, Chapter 188, Laws of 1934, was still in effect and had not yet been amended into its present form by Chapter 69, Laws Ex. Sess. 1938. Hence Section 28 of Chapter 188, Laws of 1934, controlled the sale and it provided ". . . He shall first offer forty acres or a smaller separately described subdivision, if there be any, and if the first parcel so offered does not produce the amount due, then he shall offer another similar subdivision and so on until the requisite amount shall be produced or until all the land constituting one tract and assessed as the property of the same owner be offered. . . ." Since we must presume here that the decree of the court followed the allegations and prayer of the bill of complaint and awarded no relief except as justified by the allegations of fact in the bill, we must presume that the bill alleged the facts found by the court as grounds of invalidity of the tax sale, and if it did so, the bill alleged an invalid tax sale. This brings us face to face with the question of whether the State Tax Collector has authority to institute a suit alleging an invalid tax sale and invoke the jurisdiction of court to cancel the tax sale and render judgment for the taxes as a debt.

 It is the well established law of this state that the State Tax Collector has only such powers and authority as are conferred upon that officer by statute, and that his authority to institute and maintain these suits must be found in Section 6986, Code of 1930, which now appears as Section 9179, Code of 1942, which fixes and defines the powers and duties of the office. Miller, State Tax Collector v. Coahoma County, 157 Miss. 404, 128 So. 348; State v. Adler, 68 Miss. 487, 9 So. 645; Bailey, State Tax Collector, v. Emmich Bros., Miss. 37 So. (2d) 797, not yet reported in State reports; Craig, State Tax Collector, v. Stone, 194 Miss. 767, 11 So. (2d) 433; State v. Taylor, 68 Miss. 730, 9 So. 894; State v. Thibodeaux, 69 Miss. 92,

10 So. 58; Dunn Construction Co. v. Craig, 191 Miss. 682, 2 So. (2d) 166, 3 So. (2d) 834.

Section 6986, Code of 1930, which now appears as Section 9179, Code of 1942, fixes and defines the powers of the State Tax Collector and reads as follows: "The state tax collector may appoint a sufficient number of deputies, but not to exceed ten at any one time. He shall have power and it shall be his duty to proceed by suit in the proper court against all persons, corporations, companies and associations of person for all past due and unpaid taxes of any kind whatever, whether of the state, county, municipality, drainage, levee or other taxing district, or any subdivision thereof, and for all past due obligations and indebtedness of any character due and owing to them or any of them, except penalties for the violation of the anti-trust laws and except income and inheritance taxes. In all cases of valuation or ownership of property which has escaped taxation, he may have subpoenaed witnesses to testify before any board of supervisors, board of mayor and aldermen, or tax commission."

Section 1578, Code of 1930, Sec. 1739, Code of 1942, provides as follows: "A conveyance made by a tax-collector to an individual purchaser of land at a sale for taxes, and the list of lands sold to the state at such sale shall be prima facie evidence that the assessment and sale of the land were legal and valid."

The limit of the authority of the State Tax Collector under Section 6986, Code of 1930, was to institute suit for taxes which were past due and unpaid. Coexistent with this fixed limit of his authority was the prima facie presumption, fixed by Section 1578, Code of 1930, that the tax sale was valid. The list of lands struck off to the state, showed nothing on its face that would give rise to any suspicion as to the validity of the sale. The State Tax Collector attacked the validity of the tax sale solely on grounds de hors the record, his attack being based on the manner of the offering of the lands for sale in improper subdivisions. If the sale were valid as we have

already seen, the sale would extinguish the debt for the taxes. It was necessary therefore to first strike down this tax sale by decree of the court or have the Land Commissioner cancel same, as hereinafter discussed, before there would be any due and unpaid taxes. Now Section 6986, Code of 1930, gave to the State Tax Collector authority to sue for past due and unpaid taxes but nowhere in the statute do we find any authority given him to sue to cancel tax sales. But it is inescapable that there was no cause of action in existence for recovering the taxes as a debt until this prima facie valid tax sale to the state was first cancelled as invalid. If the Legislature had intended for the State Tax Collector to have authority to sue to cancel void tax sales it would have been a very easy matter for it to include that authority within the statute defining his powers. But the Legislature did not do so. On the contrary, it provided the Land Commissioner with the written authority of the Attorney General, the authority to cancel void tax sales.

Chapter 174, Laws of 1936, now Section 4073, Code of 1942, is as follows: ''In all cases where it appears that the claim of title of the State to the lands on the records of the land office has acquired under tax sales which were void and which passed no title to the State, the Land Commissioner, with the written approval of the Attorney General, is hereby authorized and directed to strike such lands from the lists of lands sold to the State for delinquent taxes, in his office, and the Land Commissioner shall transmit a list of the lands thus stricken from the records of forfeited State tax lands in his office to the clerk of the chancery court of the county in which such lands are situated, and the clerk of the chancery court shall note the same on the recorded lists in his office and shall file and preserve the list of lands thus stricken from the records in his office. The Land Commissioner shall at the same time give written notice to the assessor of the county that such lands have been stricken from the lists of lands held by the State for the nonpayment of tax-

es, and it shall be the duty of the assessor to assess such lands for taxes for the proper year or years at such valuation as the assessor may deem just. Such assessment shall be made in the manner provided by law for the assessment of property which has escaped taxation for former years. And the tax collector shall collect the taxes on such lands in the manner provided by law. The striking of such lands from the lists of forfeited State tax lands in the Land Commissioner's office, as herein provided for, shall cancel all title or claim of the State to such lands, except for taxes due thereon at the time of the sale and accruing ofter [after] the sale."

We have recently construed this section and upheld its constitutionality in State v. Southern Pine Co. et al, 38 So. (2d) 442, not yet reported in State reports. We there held that when a void tax sale has been cancelled under the provisions thereof, the cancellation is final and effective and no cause of action exists thereafter to cancel the state's title, accruing supposedly under the sale, as a cloud on the owner's title, because the state's claim has been finally and irrevocably cancelled and it cannot possibly be construed as constituting a cloud on the title. This was and is the Legislative scheme whereby the state may cancel void tax sales and there is no need or purpose to be served in authorizing the State Tax Collector to cancel void tax sales by suit and the Legislature has given him no such authority.

At the instant a bill of complaint is filed there must be in existence the cause of action set out in the bill and a right in the complainant to maintain and enforce it. There was in the State Tax Collector, at the instant he filed the bill in Cause No. 4958 in the Chancery Court of Simpson County, no cause of action for the recovery of any past due and unpaid taxes. There was outstanding a sale of the lands to the state for taxes, regular and valid on its face and by statute presumptively valid. Before there could be in existence any right to sue for taxes past due and unpaid, this tax sale must

either be first cancelled by the Land Commissioner, upon written authority from the Attorney General, as provided in the statute, or it must be cancelled by the decree of a court of competent jurisdiction.

Able counsel for the State Tax Collector ingeniously argues in his brief that the State Tax Collector could have filed the suits against the defendant Murphy for his liability for the taxes, omitting all reference to the tax sales, and pitching the suit solely as one to enforce a personal action for a debt due the State of Mississippi and Simpson County and merely have alleged in his pleadings the assessment of the property for taxes and the assumption of the taxes by the defendant Murphy in the deed from Kenefick and made no allegations whatsoever with respect to the sale of the property for taxes, and in that event the alleged extinguishment of personal liability by a valid sale would be an affirmative defense to be raised by the defendant, being substantially equivalent to a plea of payment. We cannot agree to this contention. To do so would be to completely overlook the nature and existence of the necessary cause of action. The tax sale is not an affirmative defense to be raised by the defendant. It goes to the roots of the right of action in the State Tax Collector to sue at all. If such a suit were filed by the State Tax Collector, it would not be demurrable it is true, but when the plea was filed alleging the land had been sold for taxes and the plea established by the proof, it would abate the suit by stripping from the bill the right to the cause of action therein sought to be enforced and the suit would be abated. The court would be without authority to enlarge the powers of the State Tax Collector to enable him to contest the validity of the tax sale, when no such power is included in the statute conferring his authority, and no cause of action would exist for the recovery of taxes past due and unpaid until the tax sale had either been cancelled by the Land Commissioner, upon written authority from the Attorney General, as provided by the statute, or be cancelled by a court of

competent jurisdiction before there could be any past due and unpaid taxes or any right of action in the State of Mississippi therefor, or for which the State Tax Collector would have statutory authority to sue.

We are of the opinion that the State Tax Collector was without authority to bring the suits numbered 4728 and 4958 on the general docket of the Chancery Court of Simpson County and the decrees rendered therein are void and are not binding on the State of Mississippi, and such decrees are not res adjudicata against the state.

Since the original bill alleges no invalidity in the tax title of the state except the adjudications by the decree in the above-mentioned suits, the bill alleges no invalidity in the State's tax title and the demurrer of the State should have been by the lower court sustained. The lower court erred in overruling the State's demurrer and for that error the cause will be reversed and remanded.

Reversed and remanded.

**Hall, J.,** took no part in the decision of this case.

**McGehee, C. J.** (Specially concurring).

I concur in the view that no authority has been conferred on the State Tax Collector to bring suits to set aside tax sales on the ground of their alleged invalidity, and I am therefore in accord with the main opinion in this case. However, I think that where there has been a sale of land to the State for taxes under a procedure which is manifestly void on its face, the Tax Collector would have authority to bring a suit for the past due and unpaid taxes on such land for the reason that in such case the title of the land has remained in the landowner and he is liable for the past due and unpaid taxes thereon; and that he would be entitled in such event, as a matter of proof, in a suit to recover such past due and unpaid taxes, to show that the title has not passed from the landowner and he would therefore still owe the taxes. In

other words, I think that in any suit to recover past due and unpaid taxes, the State Tax Collector would have the right to prove any fact that would establish that the taxes are in reality past due and unpaid.

There is no authority for the State, through its Tax Collector or anyone else, to bring a suit in equity to cancel a tax sale made in the State's own favor on the ground of its alleged invalidity, but if a sale of land to the State is void because of an invalid assessment and sale, due to an insufficient description or otherwise, and the State desires to disclaim any interest in the land, the same may be struck from the land rolls in the office of the State Land Commissioner by the said officer, upon the advice and consent of the Attorney General. But the State Tax Collector, having no interest in land which has been sold to the State under an invalid tax sale, would have no authority to file a suit to have the same cancelled as a cloud upon the title of some individual. Nevertheless, as hereinbefore stated, I see no reason why he could not maintain an action solely for the recovery of past due and unpaid taxes, and as proof of the fact that the same are past due and unpaid show that due to the invalidity of a tax sale the title of the land is still in the former owner and that he as defendant in the suit is therefore liable for the past due and unpaid taxes thereon.

**Roberds, J.,** concurs.