190 So.2d 901 (1966)
Kent SAXON et al., Complainants-Appellants,
v.
Hobson HARVEY, et al., Defendants-Appellees.
No. 44035.
Supreme Court of Mississippi.
October 3, 1966.
*902 H.C. (Mike) Watkins, Meridian, for appellants.
William A. Huff, O.G. Idom, Forest, for appellees.
PATTERSON, Justice:
This is a taxpayer's suit under the authority of Mississippi Code Annotated section 2944 (1956). It seeks an accounting, judgment and injunction against Hobson Harvey, President of the Board of Supervisors of Scott County, because of the alleged unlawful use of county machinery, materials and labor for the benefit of private citizens on unauthorized projects. After trial, a decree was entered denying all relief sought by the complainants. The complainants appeal here. We affirm in part and reverse and remand in part.
The nature of the suit, numerous allegations of unauthorized practices on various unauthorized projects in two counties by the defendant Hobson Harvey, the supervisor of Beat 2 of Scott County, Mississippi, hereinafter referred to as Harvey in his official capacity, necessitates a consideration of each of these charges. They are:

In Newton County:
1. That Harvey did a large amount of grading and filling work on the private lands of Lester Vance with the employees and machinery of Scott County, and that the reasonable cost of such work was $750;
2. That Harvey with the employees and equipment of his district built a gravel road on the private property of Robert G. Crosby, and that he furnished sand and gravel to Crosby in the construction of three chicken houses, the reasonable cost of these two projects being $3,000;
3. That Harvey graveled and graded the premises around the barn owned by Paul *903 Tadlock with the employees and materials of Scott County, the cost of such operation being $310;
4. That Harvey graded, graveled and installed a culvert on the private roadway of Otho Easom at a reasonable cost of $300.

In Scott County:
1. That Harvey graveled and maintained a road within the private pasture of Earl Davis, the maintenance of such road during the past three years reasonably costing the county the sum of $2,000;
2. That Harvey used county machinery, materials and employees to improve the store lot belonging to Roy Aultman, including the moving of a house therefrom, at a reasonable cost to the county of $700;
3. That Harvey constructed a fence around the private pasture of West Waltman at a cost of $75;
4. That Harvey, with the employees and equipment of the county, removed stumps, installed a culvert pipe, and built a road in the pasture of J.T. McMillan, the reasonable cost to the county of these activities being $225;
5. That Harvey constructed a private road for Billy Guy Singleton which included clearing, grading, graveling and the installing of culverts by the use of employees, machinery and materials owned by the district, and that the reasonable cost of this road was $1,325.25;
6. That Harvey built a road over the private lands of Neal Smith and that the reasonable cost was $350;
7. That Harvey sold a lot to Junior Graham on November 13, 1964, and thereafter hauled twenty loads of sand and gravel for use on such private lot, the reasonable cost for these services being $200;
8. That Harvey used the employees and equipment of the county on his own farm in repairing fences, barns, and installing culvert pipe in his pasture, as well as using county employees in vaccinating and caring for his livestock; that the reasonable cost thereof was $150;
9. That Harvey installed one length of 48-inch galvanized culvert on the lands of Gene Houston; that the reasonable cost for this material and labor was $375;
10. That Harvey in July 1964 furnished county equipment and materials for the construction of a road on United States Government land in the Bienville National Forest in Scott County; that the contract for the construction of this road belonged to Eure Brothers Construction Company, and that the actions of Harvey in this regard amounted to a donation to such construction company, the reasonable cost thereof being $550;
11. That Harvey, without authority at law, constructed a road from U.S. Highway 80 to the Central By-Products Ltd., a private corporation, at a reasonable cost of $5,000;
12. That Harvey constructed a private drive and private pond for Irwin Clark by the alteration of a former road, no allegation as to cost being made; and
Finally, that Harvey has habitually, continuously, and unlawfully constructed private driveways and roads and will continue to do so unless enjoined therefrom.
At the conclusion of the trial the chancellor held that "the evidence submitted wholly and completely fails to meet the burden of proof required to show that the roads which are the subject of this suit are not public roads," and in accordance therewith, the bill of complaint was dismissed at complainants' cost.
The appellants have filed twenty assignments of error. The substance of these assignments is as follows:
1. The court erred in failing to find that the use of public funds through the use of county equipment, machinery, supplies *904 and services of county personnel for the benefit of private individuals both within and without Scott County constitutes appropriations of public funds to objects not authorized by law and directing an accounting thereasto, and in failing to enjoin such practices as they were habitually and continuously done.
2. The court erred in not finding liability on the part of Harvey as member of the board of supervisors, inasmuch as he did not vote against these appropriations.
3. The court erred in not allowing the complainants to amend their bill of complaint so as to change the allegations of unauthorized work and material on the land of Junior Graham to that of Sidney A. Graham so that the bill of complaint would conform to the evidence offered.
4. The court erred in not permitting cross-examination of the defendant as to prior declarations made by the defendant.
The appellees contend, though the point was not raised in the court below, that the appellants have no standing to maintain this taxpayer's suit against a public official. They rely primarily upon Mississippi Road Supply Co. v. Hester, 185 Miss. 839, 188 So. 281, 124 A.L.R. 574 (1939) wherein the following were determined to be prerequisites to the bringing of a taxpayer's suit:
1. The suit must attack an appropriation to an object not authorized by law.
2. The suit must be brought on behalf of the public and the public must be invited to join therein.
3. The public official whose duty it is to bring suit must be presented with facts sufficient to convince the legal mind that the suit should be brought.
The appellees maintain that this suit is not an attack on an appropriation to an object not authorized by law, but rather that it is an attack upon an authorized appropriation, but which was made in an irregular or unauthorized manner, and as such, a taxpayer's suit will not lie. We are of the opinion that this point is not well taken, since in Coleman v. Shipp, 223 Miss. 516, 534, 78 So.2d 778, 786 (1955) we held:
(B)ut we are of the opinion that an appropriation of public funds for the construction or maintenance of private roads or driveways is to an object not authorized by law.
We hold that the allegations as to the use of county employees, materials and equipment on private projects for private benefit satisfy prerequisite number 1 of Hester, supra.
The second requirement, that the public be invited to join in the suit, was met inasmuch as the public was so invited.
Evidence was not introduced on the third prerequisite to show what facts were brought to the attention of the county attorney, the district attorney, the attorney general, and the state auditor. Nevertheless, the bill of complaint does allege that the matters complained of were called to their attention and that they were advised by the district attorney and the attorney general to file a "taxpayer's" suit. Assuming the facts alleged in the bill of complaint to be consistent with those related to the officials, we are of the opinion that there were sufficient facts upon which to base this suit, as the charges are not frivolous, but are directed to specific unauthorized activities for the benefit of private individuals. We hold, therefore, that the appellants, as taxpayers, have legal standing to prosecute this suit.
The first assignment of error by the appellants is that the chancellor erred in failing to find that the expenditure of public funds through the use of county equipment, machinery and supplies, as well as the services of county personnel, was for the benefit of private individuals both within and without Scott County, and that these practices constituted appropriation of *905 public funds to objects not authorized by law. This assignment of error is well taken, as the holding of the lower court, that "the complainants failed to meet the burden of proof required to prove that the public equipment owned by District 2 of Scott County, Mississippi, the county employees paid by Scott County, Mississippi, materials and supplies owned by Scott County, Mississippi, have been used to construct, repair, improve and maintain private roads as complained of in the bill of complaint," overlooks the admissions both in the answer and testimony of Harvey as well as the testimony of other witnesses, substantially to the point that the equipment and machinery were used on the private property of Lester Vance, Robert G. Crosby, and Otho Easom in Newton County, though the testimony does not sustain the charge as to the Tadlock property. Mississippi Constitution § 170 (1890) provides, among other things, the following:
Each county shall be divided into five districts, a resident freeholder of each district shall be selected, in the manner prescribed by law, and the five so chosen shall constitute the board of supervisors of the county, a majority of whom may transact business. The board of supervisors shall have full jurisdiction over roads, ferries, and bridges, to be exercised in accordance with such regulations as the legislature may prescribe, and perform such other duties as may be required by law; * * *
Also, Mississippi Code Annotated section 2890 (1956) provides in part as follows:
The boards of supervisors shall have within their respective counties full jurisdiction over roads, ferries, and bridges, except as otherwise provided by section 170 of the constitution and all other matters of county police. * * * (Emphasis added.)
It will be noted that the jurisdiction of the board of supervisors over roads, ferries and bridges is restricted to their respective counties, except where authorized specifically by statute. In Coleman v. Shipp, 223 Miss. 516, 78 So.2d 778 (1955) we held that from time immemorial it has been considered that the jurisdiction of the board of supervisors over roads has reference to public roads within their jurisdiction which have been established by dedication, prescription, or under the method provided by statute. There is no attempt by Harvey to justify his admitted actions in Newton County under Mississippi Code Annotated section 8322 (1956), which establishes the statutory scheme for public roadwork in contiguous counties. We are of the opinion that the chancellor erred in not directing an accounting as to the Vance, Crosby, and Easom projects in Newton County and by not enjoining Harvey from other unauthorized activities outside his county, as the same is contrary to both constitutional and statutory law within this state.
Though we would have perhaps held otherwise from the evidence introduced as to the Ball Hill-Davis road, the Duboise-Davis road, and the Billy Guy Singleton road being public roads, we are of the opinion that there was evidence to support their long-continued use by the public to the extent that we cannot say the chancellor was manifestly wrong in his finding that these were public roads and were thus legally maintained by the defendant. See Ellis v. Ellis, 248 Miss. 483, 160 So.2d 904 (1964) and the numerous cases therein cited to the effect that this Court is reluctant to set aside the findings of a chancellor unless they are clearly shown to be erroneous, unsupported by sufficient evidence or against the preponderance of the credible testimony.
We further hold that the trial court erred in finding the road to the home of Irwin Clark to be a lawfully constituted public road and that as such the construction and maintenance of it were authorized by law. There was evidence to indicate its public nature, yet by the undisputed evidence in the case, the new Irwin Clark *906 road (which was charged to be a private roadway) departed from the old public road some 200 to 300 yards, and as thus altered, crossed Clark's property, forming a driveway to his home and a pond in his pasture. The construction of an 18 to 22-foot fill necessary to the road in its new location formed a dam so that water was impounded on Clark's property creating a pond. This is drained at times of overflow by means of a culvert or pipe considerably above the ground level, which was furnished and installed by Harvey. Harvey contends, however, that Clark donated this right-of-way to the county and that he constructed the road thereon in accordance with an understanding between himself and Clark to straighten the road. Neither Clark nor Harvey, in the construction of this road, heeded the provisions of Mississippi Code Annotated section 8314 (1956) which are in part as follows:
When any person shall desire to have a public road other than a road being maintained by the state highway department laid out, altered or changed, a petition shall be presented to the board of supervisors of the county, signed by ten or more freeholders or householders of the county interested in the road, setting forth the commencement and termination and general course thereof, and that the public interest or convenience requires the road to be laid out and opened or altered or changed, as shown in the petition; * * * (Emphasis added.)
The legislative policy of this state, as portrayed by the above section, indicates that it has never been contemplated that a supervisor and a private landowner should establish a public road by the procedure of the landowner asking the member of the board of supervisors from the district in which the road is located to "build him a road" by or to such landowner's residence or across his property upon the landowner consenting to furnish the land, as was the case here. Such procedure is unauthorized where the public generally, or other freeholders or householders, are not interested in the road. Coleman v. Shipp, 223 Miss. 516, 78 So.2d 778 (1955).
We have examined carefully the evidence in regard to the charges of misuse of county machinery, materials, and county employees as to the property of Roy Aultman, J.T. McMillan, Neal Smith, Gene Houston, Eure Brothers Construction Company, and Central By-Products Ltd. (Fred Gaddis road). We find they were substantially supported by the evidence and, in fact, by the defendant's admissions in regard to many of these activities. The only explanation or justification therefor is either that the amount of work involved was not great, the machinery and employees being in the immediate vicinity, or that public interest required the building of a road, particularly the road to Central By-Products Ltd., a business closely allied to the main industry of the county, the production and processing of chickens for the market. This argument is logical and perhaps in conformity with the practices of some other supervisors of the state who yield to the ever-insistent demands of their constituents for unauthorized private benefits, and though the construction of a road to a private industry might actually help the populace of the community and be carried out in utmost good faith, yet withal it must be denounced, as it is beyond the pale of the law since it is not in harmony with the regulations prescribed by the legislature as authorized by Mississippi Constitution § 170 (1890). These appropriate statutes are Mississippi Code Annotated sections 8314, 8330, and 9027 (1956), which indicate how public roads are to be laid out and changed, the methods of construction and maintenance thereof, and the purchase or rental of public supplies, none of which contemplates or condones the use of public equipment, materials, or labor upon private projects. The exchange of topsoil for culverts and ditches in private pastures or the payment to the county by individuals who had accepted the unauthorized materials or services, though perhaps commendable, *907 would not have the effect of legitimizing the unauthorized practices. We hold, therefore, that an accounting should be had to determine the cost to the county of the above-designated projects, and that Harvey should be enjoined from future activities of like nature. Miss. Code Ann. § 2944 (1956) and Coleman, supra. In this regard we point out that the evidence does not support the allegations as to the erection of a fence upon the property of West Waltman or the allegations as to the property of the defendant himself.
The next assignment of error is that the court erred in not allowing the complainants to amend their bill of complaint so that it would conform to the evidence adduced at trial. The bill of complaint alleges that Harvey sold to Junior Graham certain land and thereafter improved the same by hauling some twenty loads of sand and gravel to it. The evidence introduced at the trial indicated as a matter of fact that the land so improved belonged to Sidney A. Graham rather than Junior Graham, whereupon the complainants moved the court to allow them to amend so that the bill would conform to this proof. The court overruled this motion, apparently upon the presumption that an amendment to the bill of complaint could not be made after a motion for a bill of particulars had been sustained by the court and made by the complainants. Though amendments are largely left to the discretion of the court, the legislature has nevertheless directed by Mississippi Code Annotated section 1511 (1956) as follows:
The court shall have full power to allow all amendments to be made in any pleading or proceeding at any time before verdict, so as to bring the merits of the controversy between the parties fairly to trial, * * *
This has been interpreted by this Court to mean that amendments are to be liberally allowed in the early stages of the case, with some reluctance at the hearing, and with greater reluctance as the hearing progresses, and especially so if the decision would be hurtfully delayed. Griffith, Mississippi Chancery Practice §§ 396 and 568 (1950). Section 568 states in part as follows:
If however it is clear that no surprise or injustice would happen, amendments are allowed in the pleadings at the hearing to conform to the proof almost as a matter of course, * * *
This rule is set out in Rolkosky v. Rolkosky, 237 Miss. 89, 113 So.2d 661 (1959), though there the amendment was denied since the motion to amend came after the cause was submitted to the chancellor and he had announced his decision. The amendment here should have been allowed as it could not have resulted in surprise or injustice to the defendant since his answer to this allegation was a denial in toto as to the property of Junior Graham or any other person. Under these circumstances we hold that the court erred in not allowing the amendment to the bill of complaint so that it would conform to the proof.
The final assignment, that the court erred in not permitting cross-examination of Harvey as to statements purported to have been made by him and quoted in the Scott County Times, is well founded. Wide latitude is allowed in the cross-examination of a witness, and the examination need not be confined to matters which the witness has testified about on direct examination. Rush v. State, 182 So.2d 214 (Miss. 1966) and Prewitt v. State, 156 Miss. 731, 126 So. 824 (1930).
The decree appealed from is affirmed as to the Ball Hill-Davis road, the Duboise-Davis road and the Billy Guy Singleton road. The allegations as to the Tadlock property in Newton County, the West Waltman property in Scott County, and Harvey's property in Scott County are not substantiated by the evidence, and as to these charges the decree of the lower court will be affirmed. The motion for amendment so that the Sidney A. Graham property *908 might be included in the allegations rather than the Junior Graham property is sustained and the cause is remanded for hearing as to this property and for an accounting if it be determined at the hearing that such is required. The cause is remanded for an accounting as to the remaining charges of misuse of public equipment, materials, and employees, and for an injunction to issue from the trial court enjoining the defendant from similar unauthorized activities, and finally, for a judgment, in accord with the accounting, against Harvey and his surety, payable to the county, as the defendant did not cast his vote against these activities as provided for by Mississippi Code Annotated section 2944 (1956).
Affirmed in part and reversed in part.
ETHRIDGE, C.J., and JONES, INZER, and ROBERTSON, JJ., concur.