BRADY, Justice:
This is an appeal from a decree of the Chancery Court of Scott County, Mississippi, sustaining a motion to • strike the bill of complaint filed in this cause for the reason that none of the complainants-taxpayers are attorneys at law and . that the suit was filed by the complainants, not only for themselves, but also on behalf of the taxpayers of Scott County, and that they were not represented by counsel.
This cause is similar in certain respects to a former suit instituted in 1965 by the same appellant under and by virtue of constitutional and statutory authority, and it is in order that this Court review the former case. In 1965 a taxpayer’s suit was instituted by the appellant and others under Mississippi Code 1942 Annotated section 2944 (1956) seeking an accounting and injunction against Hobson Harvey, President of the Board of Supervisors of Scott County, because of the unlawful use of county machinery, materials and labor for the benefit of private citizens on unauthorized projects in violation of statutory prohibitions. Sixteen separate instances of the unauthorized use of county machinery, materials and labor for the benefit of private parties were set out in this previous cause. The chancellor of the Chancery Court of Scott County held that “the evidence submitted wholly and completely fails to meet the burden of proof required to show that the roads which are the subject of this suit are not public roads,” and, therefore, dismissed the bill of complaint. The taxpayers appealed to the Mississippi Supreme Court, and in Saxon v. *622 Harvey, 190 So.2d 901 (Miss.1966), the Mississippi Supreme Court affirmed in part and i reversed in part and remanded the cause for an accounting as to a number of the charges of misuse and for the issuance of an injunction by the trial court.
On April 11, 1967, an injunction was issued by the Chancery Court of Scott County restraining Hobson Harvey and his successors from using equipment, machinery and materials to construct, maintain, or improve private property. On October 28, 1968, the complainants, Kent Saxon and John Sessions, filed a new complaint based upon separate and different violations of the use of county machinery, materials and labor for the benefit of private citizens on unauthorized projects. The new complaint alleged that Hobson Harvey had failed to make the accounting in accordance with the mandate of Saxon v. Harvey, supra, and that he was in contempt of court for violation of the April 1967 injunction. In addition, the complaint seeks a citation of appellee Hobson Harvey for contempt and that he be required to make the mandatory accounting and that he be removed from office. The complaint also alleges that the complainants as taxpayers have been denied the right to present their charges before the grand jury and that the district attorney of Scott County has declined to take any action. Moreover, the district attorney has suggested that the complainants bring a second taxpayer’s suit.
On December 2, 1967, attorneys representing appellee Hobson Harvey filed a motion to strike the complaint, alleging in support thereof that the complaint was neither prepared nor filed by an attorney. On the same date the chancellor sustained appellees’ motion to strike and entered a decree ordering that the bill of complaint be removed from the files of the court. From that decree this appeal is prosecuted.
Two assignments of error are urged. (1) The chancellor erred in granting the appellee’s motion to strike on the ground that appellant was not represented by counsel, the asserted ground being contrary to article 3, sections 24 and 25 of the Mississippi Constitution. (2) The chancellor erred in granting the appellees’ motion to strike on the ground that appellant was not represented by counsel, the asserted ground being contrary to the First and Fourteenth Amendments of the United States Constitution.
To determine whether or not the trial judge committed error in dismissing appellant’s bill of complaint because it was not prepared or signed by an attorney, we must construe together two provisions of the Mississippi Constitution and certain statutes of the Mississippi Code. Appellant urges that Mississippi Constitution article 3, sections 24 and 25 (1890) are controlling while to the contrary appellees urge that the statutes which relate to attorneys and the practice of law, Mississippi Code 1942 Annotated sections 8647-8684 (1956 and Supp.1966), under the interpretation of cases in this and other states justified the chancellor in striking appellant’s bill of complaint. It is to be remembered that appellant Kent Saxon together with another taxpayer, John Sessions, filed the case at bar under the provisions of Mississippi Code 1942 Annotated section 2944 (1956) which provides:
If a board of supervisors shall appropriate any money to an object not authorized by law, the members of the board who did not vote against the appropriation shall be liable personally for such sum of money, to be recovered by suit in the name of the county, or in the name of any person who is a taxpayer who will sue for the use of the county, and who shall be liable for costs in such case.
Upon consideration of the first error assigned, we are impressed with the fact that the legislature’s enactment of section 2944, supra, should be construed and is compatible with article 3, sections 24 and 25 of the Mississippi Constitution. Section 2944, supra, expressly permits the recovery *623 “by suit in the name of the county, or in the name of any person who is a taxpayer who will sue for the use of the county,” and for the recovery of any money appropriated to any object not authorized by law by a supervisor. This language is clear and permits only one interpretation. This statute and article 3, sections 24 and 25 of the Mississippi Constitution are correlative. It is to be noted that article 3, sections 24 and 25 of the Mississippi Constitution have remained unchanged since the adoption of the Constitution of the State of Mississippi in 1890 and these sections have remained inviolate. However, it must be noted that the specific point urged by appellees has not been expressly decided by this Court.
Mississippi Constitution article 3, section 24 (1890) is broad in its scope and requires :
All courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay.
Immediately following this mandate of the Constitution is article 3, section 25. Section 25 is not ambiguous. It, too, is crystal clear in its prohibition and guarantees :
No person shall be debarred from prosecuting or defending any civil cause for or against him or herself, before any tribunal in the state, by him or herself, or counsel, or both.
Any person including a taxpayer is guaranteed the right to represent himself or herself in any court in any civil cause. While not involved in this case, the same right is guaranteed a person in criminal suits.
In opposition to this basic law, together with the statute specifically authorizing the institution of a suit against a supervisor, we have Mississippi Code 1942 Annotated section 8682 (1956) which provides in part:
It shall be unlawful for any person to engage in the practice of law in this state who has not been licensed according to law; any person violating this provision shall be deemed guilty of a misdemeanor, and, upon conviction, may be fined in any sum not exceeding five hundred dollars. Any person who shall for fee or reward or promise, directly or indirectly, write or dictate any paper or instrument of writing, to be filed in any cause or proceeding pending, or to be instituted in any court in this state, or give any counsel or advice therein, or who shall write or dictate any bill of sale, deed of conveyance, deed of trust, mortgage, contract, or last will and testament, or shall make or certify to any abstract of title to real estate other than his own or in which he may own an interest, shall be held to be engaged in the practice of law. * * *
In behalf of appellees’ contention, several related cases are cited. Two of these cases are from other states, namely, Otto v. Patterson, 173 Ohio St. 174, 180 N.E.2d 575 (1962) and Niklaus v. Abel Construction Company, 164 Neb. 842, 83 N.W.2d 904 (1957). The Nebraska case involved the interpretation of section 15-322 and section 7-110, Reissue Revised Statutes of 1943. There is such a material difference between these statutes and the applicable Mississippi statutes that the authorities cited in support of appellees’ contention under the Nebraska statutes have little, if any, application to the case at bar. To the contrary, section 733.59 of the Ohio Revised Code Annotated (1953) is comparable to section 2944 of the Mississippi Code. The Otto case, supra, does not treat the constitutional guarantees, comparable to those which Mississippi has, that the court shall be open and that a person has the constitutional right to represent himself. Ohio Const, art. I, §§ 10 and 16 (1851).
While this Court is always interested in and concerned with the interpretation placed upon statutes similar to ours under comparable facts and frequently has *624 elected to follow the interpretations of the courts of sister states, nevertheless, our doing so is not mandatory, but voluntary, and the rule of law predicated upon the legal interpretation of statutes of another state tribunal is not conclusive, but only persuasive. In this instance, we have no hesitancy in reaching the conclusion that the adoption of the Supreme Court of Ohio’s interpretation would modify or vitiate the clear mandate as expressed in article 3, sections 24 and 25 of our State Constitution. This would be accomplished under an interpretation of legislative enactment. While the legislature generally has the power to enact any law it sees fit, nevertheless, it is restricted in its enactment of laws by the provisions of our State Constitution and cannot by statutory enactment alter or nullify a clear, unambiguous mandate of the Constitution. Such a statute would be unconstitutional.
We are thoroughly cognizant of the fact that sections 8647-8684, supra, were enacted for the benefit of the people of this state, as well as for protection of the attorneys, and that the legislature in enacting these statutes did not intend to do violence to the Constitution of this state. However, the interpretation of section 8682 urged by the appellees and approved by the learned chancery court nullifies the express provisions of article 3, sections 24 and 25 of the Mississippi Constitution.
Insofar as the case of Lefton v. City of Hattiesburg, Mississippi, 333 F.2d 280 (5th Cir.1964) is concerned, urged by appellant in support of his contention that he had the right to represent himself, we think the factual situation in that case which was removed to federal court makes it distinguishable from the case at bar. However, we note in his original brief and also in his reply brief the appellant urges in substance that he could not afford to retain counsel to prosecute his case and that he was unable to persuade members of the local bar to participate in the suit against local office holders. These allegations are apparently ignored by the appellees in their brief. Furthermore, the bill of complaint charges that the appellant sought to go before the grand jury, but was denied this right, and that he sought the services of the district attorney, but was unable to obtain them.
Under all of the facts in this cause, we conclude that the appellant was entitled to bring the suit in his own name and to act as his own attorney within the provisions of article 3, sections 24 and 25 of the Mississippi Constitution (1890). This conclusion is in accord with the intent of the Mississippi Legislature, as evidenced by section 2944, supra, to protect the public against the wrongful expenditures of public funds by public officials. We further conclude that under the decisions rendered by virtue of section 2944, supra, other taxpayers have the right to join in a suit for the recovery of money wrongfully appropriated to an object not authorized by law, in their own right but not in behalf of another taxpayer. Article 3, sections 24 and 25 of the Mississippi Constitution, together with section 2944 of the Mississippi Code, constitute a separate and distinct classification of legal authority vested in citizens and taxpayers of this state for the apparent purpose of preventing and correcting improbity in office by duly elected public officials. The wisdom of the drafters of our Constitution is not subject to question by this Court, and is to be modified or altered by amendment only. If there exists an irreconcilable conflict, which we do not concede, then the constitutional provisions must prevail.
In conclusion, appellant urges that appellee Hobson Harvey has failed to file an accounting in accordance with this Court’s mandate in Saxon v. Harvey, supra, and should be cited for contempt. Insofar as this contention is concerned this issue is not properly before us in this cause at this time, and, therefore, the petition is denied. This should not be construed to mean that this Court is powerless to see that its mandates are carried out when the *625 violation thereof is properly shown. When and if this matter comes before us, it will receive due consideration.
Having reached the foregoing conclusions, we find it unnecessary to consider herein appellant’s second assignment of error. For the reasons previously discussed, the decree is reversed and the cause is remanded to the chancery court for trial.
Reversed and remanded.
GILLESPIE, P. J., and RODGERS, JONES and SMITH, JJ., concur.