230 So.2d 801 (1970)
LINCOLN COUNTY, Mississippi
v.
Louie L. ENTRICAN et al.
No. 45614.
Supreme Court of Mississippi.
January 26, 1970.
*802 Emmette P. Allen, Donald B. Patterson, Brookhaven, for appellant.
Richard E. Stratton, III, Brookhaven, for appellees.
RODGERS, Justice:
This is a suit brought by the newly elected members of the Board of Supervisors of Lincoln County, Mississippi, in the name of the County against the defeated members of the Board of Supervisors of that County. The original bill filed in the chancery court named W.A. (Lonnie) Rogers, Claude (Bill) Diamond, Robert L. Adams, Ben Laird and Oddee Smith as complainant supervisors. The bill named as defendants Louie L. Entrican, Grady Traver, Mrs. Lillie B. Reeves and Nelson Case, ex-supervisor defendants, and Maryland Casualty Company and United States Fidelity and Guaranty Company, nonresident casualty companies, as suitees on the official bonds of the various individual ex-supervisors.
The original bill charged that there were certain funds accumulated under the budget estimates for road and bridge construction, maintenance and equipment for the various supervisors' districts in Lincoln County for the fiscal year ending September 30, 1968. It charged that by virtue of Section 9118-15, Mississippi Code 1942 Annotated (1952), the members of the Board of Supervisors were not permitted to expend or contract an obligation against the budget estimates for road and bridge construction, maintenance and equipment during the last year of the term of their office, between the first day of October and the first day of the following January, a sum exceeding one-fourth (1/4) such item of the budget published by the Board of Supervisors. The bill charges that nevertheless, the various members of the Board expended the total sum of $43,612.02 in excess of the amount permitted by law at a time when no emergency existed. It is charged that this action of the members violated Section 9118-15, Mississippi Code 1942 Annotated (1952) and that by virtue of Section 2924, Mississippi Code 1942 Annotated (1956), all contracts made in violation of the law are void. A judgment against all defendants for the sum alleged to be due, plus six percent (6%) interest is requested of the court.
The defendant, United States Fidelity and Guaranty Company, filed a general demurrer to the original bill in which all other defendants joined. The demurrer charged that (1) there is no equity on the face of the said bill; (2) that the statutory authority (Section 9118-10, Mississippi Code 1942 Annotated [1952]) authorizing the State Auditor to sue for sums charged to be due was exclusive and that the complainants are without authority to institute the suit. The chancellor sustained the demurrer and dismissed the suit.
After having examined the authorities submitted to us in the briefs on appeal, we have reached the conclusion that the decree of the chancery court is correct and should be affirmed for the following reasons:
Sections 9118-10 and 9118-15, Mississippi Code 1942 Annotated (1952), are in the following language:
"§ 9118-10. Budget estimates not to be exceeded.  No expenditures shall be made, or liabilities incurred, or warrants issued, in excess of the budget estimates as finally determined by the board of supervisors, or as thereafter revised under the provisions of this act. The board of supervisors shall not approve any claim, and the clerk shall not issue any *803 warrant for any expenditures in excess of the budget estimates thus made and approved by the board of supervisors, or as thereafter revised under the provisions of this act, except upon the order of a court of competent jurisdiction, or for an emergency as hereinafter provided. Any violation of the provisions of this section shall make the members of the board of supervisors voting for same, and the surety upon their official bonds, liable for the full amount of the claim allowed, the contract entered into, or the public work provided for; and the state auditor, as the head of the state department of audit under the provisions of chapter 202 of the laws of 1948 [§ 3877-01 et seq.], shall be authorized to sue for the recovery of the sum or sums so voted."
"§ 9118-15. Expenditures for last year of term limited.  No board of supervisors of any county shall expend from, or contract an obligation against the budget estimates for road and bridge construction, maintenance and equipment made and published by it during the last year of the term of office of such board, between the first day of October and the first day of the following January, a sum exceeding one-fourth (1/4) of such item of the budget made and published by it, except in cases of emergency provided for above; and the clerk of any county is hereby prohibited from issuing any warrant contrary to the provisions of this section. Provided no board of supervisors nor any member thereof shall buy any machinery or equipment in the last six (6) months of their or his term unless or until he has been renominated at the primaries of that year."
The foregoing Code sections are a part of Laws of 1950, chapter 247. The 1950 law (Section 16) repealed a former similar budget law enacted in 1922. Section 7, chapter 225 of the Laws of 1922, was in the following language:
"Section 7. Any violation of this act shall make the member of the boards voting for the same and the sureties on their official bond liable for the full amount of the claim allowed, the contract entered into, or the public work provided for; and the county prosecuting or district attorney shall sue for the recovery of the sum or sums so voted, as aforesaid in the name of the county or municipality as the case may be."
It is apparent that the legislature intended to change the authority to bring a suit under the "Budget Law" from that of "the county prosecuting or district attorney" to that of the "State Auditor, as head of the State Department of Audit."
The intent of the legislature becomes more apparent from an examination of Section 3877-05, Mississippi Code 1942 Annotated (Supp. 1968), powers and duties of the state auditor of public accounts, the pertinent parts of which are as follows:
"The department shall have the power and it shall be its duty:
"* * *
"(4) To post-audit and, when deemed necessary, pre-audit and investigate separately the financial affairs of (1) the offices, boards, and commissions of county governments and any departments and institutions thereof and therein; * * *.
"* * *
"(6) To make written demand, when necessary, for the recovery of any amounts representing public funds improperly withheld, misappropriated, and/or otherwise illegally expended by an officer, employee, or administrative body of any State, county, or other public office, * * *. In the event, however, such person or persons shall refuse, neglect or otherwise fail to pay the amount demanded and the interest due thereon within the allotted thirty (30) days, the department shall have the authority and it shall be its duty to institute suit and the Attorney General shall prosecute the same in any court of the State to the end that there shall be recovered the total of such amounts from the person or persons and surety on official bond named therein; and the *804 amounts so recovered shall be paid into the proper treasury of the State, county, or other public body, through the office of the department;"
We cannot agree with appellant's contention that Sections 2872, 2944, 2955, 4392 and 4394, Mississippi Code 1942 Annotated (1956), clearly indicate that the policy of this state is to permit suits affecting the public interest to be brought by several different governmental agencies, and therefore the State Auditor is, by the authority given in Section 9118-10, Mississippi Code 1942 Annotated (1952), also given the authority to sue, in addition to the authority given the county.
These sections of the Code are general acts of authority to sue: Section 2872, Mississippi Code 1942 Annotated (1956), permits the county as a taxpayer to sue the official bondsman of a member of the board of supervisors. Section 2944, Mississippi Code 1942 Annotated (1956), permits a suit against a member of the board of supervisors for sums appropriated for "objects not authorized by law." Section 2955, Mississippi Code 1942 Annotated (1956), permits suits to be brought by the board of supervisors in the name of the county. Section 4392, Mississippi Code 1942 Annotated (1956), permits suits in the name of the state. Section 4394, Mississippi Code 1942 Annotated (1956), permits the county to sue for county property or damages thereto. None of the foregoing Code sections is limited to, nor specifically directed toward, recovery of sums expended contrary to the mandate expressed in the County Budget Law (Sections 9118-10 and 9118-15, Mississippi Code 1942 Annotated [1952]).
The rule is well established that where a special and particular statute deals with a special and particular subject, its particular terms as to that special subject control over general statutes dealing with the subject generally. McCrory v. State, 210 So.2d 877 (Miss. 1968); Bailey v. Emmich Brothers, 204 Miss. 666, 37 So.2d 797 (1948); Price v. Price, 202 Miss. 268, 32 So.2d 124 (1947); Gulley v. Lumbermen's Mutual Casualty Company, 176 Miss. 388, 166 So. 541 (1936).
The general rule on this subject is outlined by the textwriter of 1 Am.Jur.2d Actions § 74 (1962), at page 603:
"It is an established principle that if a statute, in creating a new right or cause of action where none existed before, also provides an adequate remedy for the enforcement of the right created, and the statutory remedy is not by its terms cumulative, the procedure prescribed by the statute must be strictly pursued to the exclusion of all other methods of redress. In other words, a statutory remedy to enforce a new right or liability created by the same statute is exclusive unless the statute clearly shows a contrary intention. * * *"
Section 9118-10, Mississippi Code 1942 Annotated (1952), deals with a particular subject  the county budget  and it necessarily requires an audit to determine loss. The legislature very probably weighed the possibilities involved in permitting suit to be brought without the aid of an audit, and which could result in a judgment that might prevent the auditor from recovering sums found to be justly due to the county upon an examination of the records.
We are, therefore, of the opinion that the judgment of the chancery court should be affirmed.[1]
Affirmed.
ETHRIDGE, C.J., and JONES, BRADY and INZER, JJ., concur.
NOTES
[1] Our opinion herein does not contravene the holding of this Court in Saxon v. Harvey, 223 So.2d 620 (Miss. 1969), 190 So.2d 901 (Miss. 1966). Saxon was a suit brought under the authority of Section 2944, Mississippi Code 1942 Annotated (1956).