¶ 28. In my view the County Court of Lee County abused its discretion when it granted Long leave to amend her complaint thus causing Wal-Mart to suffer "actual prejudice." Miss. R.Civ.P. 15 cmt. See also TGX Intrastate Pipeline Co. v. Grossnickle, 716 So.2d 991, 1001 (Miss. 1997); Hester v. Bandy, 627 So.2d 833, 839 (Miss. 1993); William Iselin Co. v. Delta Auction Real Estate Co., 433 So.2d 911, 913 (Miss. 1983); Saxon v. Harvey, 190 So.2d 901 (Miss. 1966); 6 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure, Civil § 1481 (1990). Because of Long's delay in amending, Wal-Mart was unable to seek federal removal under 28 U.S.C. § 1446(b). If Long's original complaint had stated a claim greater than $75,000, Wal-Mart could have availed itself of its right to federal removal in this case based on diversity jurisdiction. However, since under28 U.S.C. § 1332 1441(b), the damage claim must be in excess of $75,000, Wal-Mart could not remove this case to federal court when the original complaint was filed. Instead of amending her complaint before the one year deadline passed, she waited until 7 days after the deadline to increase her damages from $75,000 to $750,000.
¶ 29. The requested amendment, whether intentional or not, is a clear example of forum manipulation. Even if not an intentional attempt to manipulate the forum, the appearance of manipulation is too great based on the circumstances surrounding this case and the resulting extreme prejudice to Wal-Mart. Long appears to have manipulated her pleadings to initially file in state court and wait a year before increasing her claims for damages.
¶ 30. There are certain limits on permitting amendments. A failure of full justice on the merits can occur when leave to amend is not granted, however: *Page 575 
 it is [also] true that good faith and a reasonable diligence are expected of parties in equity and of their solicitors, and that every party when he comes into court will in the first instance unfold his whole case or defense in accordance with the rules that govern the pleadings and proceedings therein.
Miss. R.Civ.P. 15 cmt. An application to amend should not be granted when the applicant does not meet the standard of due diligence. See Natural Mother v. Paternal Aunt, 583 So.2d 614, 617 (Miss. 1991); William Iselin, 433 So.2d at 913. In this case, I believe the amendment was requested after an inexcusable and calculated delay.
¶ 31. In Natural Mother, this Court held that a plaintiff must exercise due diligence when filing a motion to amend the complaint. 583 So.2d at 617 (citing William Iselin Co., 433 So.2d at 913); see also Grossnickle, 716 So.2d at 1011. The grant of an amendment can cause the adverse party to incur additional discovery, preparation and expense, particularly when that party would have little time to investigate and become acquainted with the new matter. Natural Mother, 583 So.2d at 617. See also Grossnickle, 716 So.2d at 1011.
¶ 32. In Red Enterprises, Inc. v. Peashooter, Inc., 455 So.2d 793
(Miss. 1984) (quoting Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)), we agreed that the rules require the leave to be freely granted but only when it appears to the lower court that there is no unjust apparent or declared reason, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment, etc." Id.
¶ 33. The majority points to De Aguilar v. Boeing Co., 47 F.3d 1404
(5th Cir. 1995) (De Aguilar II), as Fifth Circuit precedent which would have allowed Wal-Mart to have filed in federal court despite Long's originally alleged amount in controversy. In De Aguilar II, the Fifth Circuit announced that the defendant need only show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount. Id. at 1412. However, De Aguilar II also states that to some extent, the plaintiff is "still the master of his own claim." Id. (citations omitted). The defendant must produce evidence that shows that the actual amount in controversy exceeds the jurisdictional amount provided the plaintiff has not shown that she is "legally certain" her recovery will not exceed the amount stated in the complaint. Id. De Aguilar II describes how a plaintiff might meet the legal certainty test by citing a state law which prohibits recovery in excess of the ad damnum clause. Id. However, without such a statute, "litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." Id. (citing Guance v. St. Paul Mercury, 488 U.S. 488 U.S. 950, 109 S.Ct. 38, 102 L.Ed.2d 372 (1988); In re Shell Oil Co.,970 F.2d 355, 356 (7th Cir. 1992)). In effect, this ruling requires plaintiffs to show that they are bound irrevocably by their state pleadings. Id.
¶ 34. There is good reason for the majority's overlooking or not citing subsequent cases. In my view, the following cited federal cases from Mississippi are more on point and controlling here. In Allen v. R H Oil Gas Co., 63 F.3d 1326 (5th Cir. 1995), a Mississippi case, the court points out that removal cannot be based on conclusory allegations. Id. at 1335 (citing Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)). The jurisdictional *Page 576 
amount must be judged at the time of removal with post-removal affidavits allowed only if relevant to that period of time. Id. at 1135-36. If when looking at the complaint, the amount sought by the plaintiff is not "facially apparent," the district court may determine that the amount in controversy exceeds the jurisdictional amount. Id.
¶ 35. Additionally, McClain v. American Intern. Recovery, Inc.,1 F. Supp.2d 628 (S.D.Miss. 1998), is a solid example of the problem with the majority's reasoning based on De Aguilar II. The McClain court stated that "until a defendant receives in writing, a statement that suggests that a plaintiff plans to seek more than $75,000 in damages, the case is not removable to federal court" Id. at 631. The problems exist because "[e]ven if a defendant asks a plaintiff to stipulate that the damages are below the jurisdictional amount, if the plaintiff refuses to stipulate, the case cannot be removed based solely on this refusal." Id. Harris v. Benham Group, 2002 WL 31050999 (N.D.Miss. 2002), also lends support to my departure from the majority. Unless the defendant can meet its burden, the plaintiff may avoid federal diversity jurisdiction by pleading, in good faith, state court damages below the required jurisdictional amount. Id. at 1.
¶ 36. In this case, Long's original complaint specifically alleged an amount in controversy less than the jurisdictional amount. Whether or not made in good faith, Long's complaint did not give the federal court jurisdiction. Long's amendment should have been denied as unjust since Wal-Mart has suffered actual prejudice. Therefore, I would reverse county court's order granting Long leave to amend and transferring this case to circuit court, and I would remand this case for further proceedings in the County Court of Lee County.
¶ 37. For these reasons, I respectfully dissent.
COBB, J., JOINS THIS OPINION. *Page 577 
 SUPREME COURT OF MISSISSIPPI
PETITIONS FOR WRIT OF CERTIORARI
Title Filed Date Docket Number Disposition
Satcher v. State 08/14/2003 2000-CT-01296-COA Denied Saunders v. Thomas 08/21/2003 2002-CT-00191-COA Denied Gantenbein v. Gantenbein 08/07/2003 2001-CT-01563-COA Denied Nosser v. Buford 08/07/2003 2001-CT-01243-COA Denied McClendon v. State 08/07/2003 2000-CT-02051-COA Denied Hollingsworth v. State 08/28/2003 2000-CT-02095-COA Denied Green v. State 08/28/2003 2001-CT-00870-SCT Granted Daughtry v. Kuiper 08/14/2003 2001-CT-01758-COA Denied Brown v. State 08/28/2003 2001-CT-01601-COA Denied McGee v. State 08/21/2003 2001-CT-01686-COA Denied Sabal Corp. v. Howell 08/21/2003 2001-CT-00423-COA Denied Roberts v. Mississippi Dept. of 08/28/2003 2001-CT-01349-COA Denied Public Safety Jones v. State 08/21/2003 2000-CT-00407-SCT Granted Bryant v. State 08/28/2003 2001-CT-01299-COA Denied Gross v. State 08/14/2003 2001-CT-01185-COA Denied Mississippi Dept. of Human 08/21/2003 2001-CT-01845-SCT Granted Services v. Marshall *Page 578