by Rule 39 (c). The Court of Appeals acquired jurisdiction upon petitioners' filing their notices of appeal, and Rule 45 (b) expressly empowered that court "at any time in its discretion" to permit the late filing of a record if the failure to file it on time "was the result of excusable neglect."

Here I think there has been an obvious, unexcusable failure to exercise that discretion reposed in judges to administer the Rules in the interest of "the just determination of every criminal proceeding." Petitioners may languish in prison for many years, not because their appeals were without merit, but because, through no apparent fault on their part, their lawyers were three weeks late in seeking to file their appeal papers. Since petitioners were never released on bail pending appeal, I fail to see how the Government could be prejudiced by this short delay or how—consistent with the public's interest in the fair administration of criminal justice—it could have any interest in assuring that petitioners' appeals be disposed of other than on the merits. I would reverse and remand these cases to the Court of Appeals for a decision on the merits of petitioners' allegations.

No. 320. ILLINOIS POWER Co. v. LOCAL UNION No. 51, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO. C. A. 7th Cir. Motion to vacate the judgment and dismiss the complaint as moot denied. Certiorari denied. *Herbert A. Friedlich* and *Stuart Bernstein* for petitioner. *Stanley Ries Schuchat* for respondent.

No. 20, Misc. MUZA v. CALIFORNIA ET AL. C. A. 9th Cir. Certiorari denied. Petitioner *pro se*. *Thomas C. Lynch*, Attorney General of California, *Albert W. Harris, Jr.*, Assistant Attorney General, and *Robert R. Granucci*, Deputy Attorney General, for respondents.