**Dorothy GRAHAM et al., Plaintiffs,**

v.

**The Honorable William L. WALLER, Governor of the State of Mississippi, et al., Defendants.**

**Civ. A. No. 4993.**

United States District Court,
S. D. Mississippi,
Jackson Division.

May 24, 1972.

Danny E. Cupit, Jackson, Miss., for plaintiffs.

A. F. Summer, Atty. Gen. of Miss., Jackson, Miss., for defendants.

Before COLEMAN, Circuit Judge, and RUSSELL, and COX, District Judges.

PER CURIAM:

This suit was instituted by the named plaintiff as a class action against the Governor, the Secretary of State, the Attorney General of Mississippi, and the Circuit Clerks, State Board of Election Commissioners, County Executive Committee and all officials having duties and responsibilities with respect to the execution of election laws in the state of Mississippi. The named plaintiff arrived in Jackson and became a resident citizen on September 26, 1971. She attempted to register to vote in the general election of 1971, but was denied that right because she had been a resident citizen of Hinds County at that time for only four days.

The complaint attacks the validity of § 241 Mississippi Constitution of 1890, as amended on June 13, 1968; and § 3235 Mississippi Code 1942, as amended on June 30, 1965. This § 241 of the Mississippi Constitution of 1890, as amended, and said § 3235 as last amended provide durational residence requirements in the state, in the county and in the district and municipality for fixed periods of time as a condition precedent to becoming a qualified elector who is entitled to vote in such elections in Mississippi.[1] Precisely, it is the contention of the plaintiffs that these durational residence requirements in the state Constitution and in the state statute are violative of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States for reasons previously stated by the Supreme Court of the United States.[2] A class action under Civil Rule 23 is instituted here and has been expressly authorized and approved in this case.[3]

---

1. Section 241 Mississippi Constitution of 1890 as amended provides: "Every inhabitant of this State, except idiots and insane persons, who is a citizen of the United States of America, twenty-one (21) years old and upwards, who has resided in this State for one (1) year, and for one (1) year in the county in which he offers to vote, and for six (6) months in the election precinct or in the incorporated city or town in which he offers to vote, and who is duly registered as provided in this article, and who has never been convicted of murder, rape, bribery, theft, arson, obtaining money or goods under false pretense, perjury, forgery, embezzlement or bigamy, is declared to be a qualified elector."

Section 3235 Mississippi Code 1942 as amended provides: "Every inhabitant of this state, except idiots, insane persons, and Indians not taxed, who is a citizen of the United States, twenty-one (21) years old and upwards, who has resided in this state two (2) years, and one year in the election district or city, town or village in which he offers to vote, and who is able to read and write and who shall have been duly registered as an elector by an officer of this state under the laws thereof, and who has never been convicted of bribery, burglary, theft, arson, obtaining money or goods under false pre-

tenses, perjury, forgery, embezzlement, or bigamy, and who has paid all poll taxes which may have been legally required of him, and which he has had an opportunity to pay according to law, for the two (2) preceding years, and who shall produce to the officers holding the election satisfactory evidence that he has paid such poll taxes on or before the first day of February of the year in which he shall offer to vote, shall be a qualified elector in and for the election district or city, town or village of his residence, and shall be entitled to vote at any election held not less than four (4) months after his registration; but any minister of the gospel, in charge of an organized church, or his wife legally residing with him, shall be entitled to vote after six (6) months' residence in the election district, city, town or village, if otherwise qualified. No others than those above included shall be entitled, or shall be allowed, to vote at any election; provided, that a person unable to read or write by reason of physical disability shall, if otherwise qualified, nevertheless be entitled to vote."

2. Dunn, Governor of State of Tennessee, et al. v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274.

3. Hamer, et al. v. Campbell, Circuit Clerk and Registrar of Sunflower County, Mis-

The plaintiffs seek here a declaratory judgment and injunctive relief against the enforcement of such provisions of the state Constitution and state statutes defining qualified electors on stated conditions. The plaintiffs have filed a motion for summary judgment. The defendants have likewise filed a motion for summary judgment and these motions have been presented and are submitted to this Court for decision and disposition.

This Court has full jurisdiction of the parties and subject matter of this claim, and has the full power and authority to do all that is herein done.[4]

■ This Court is bound by and must follow the precedent contained in the decision of the United States Supreme Court in the *Dunn* case, supra. This case is not distinguishable in any phase or aspect from the case and principles set forth in that announcement of the highest court in the Federal judiciary. Those residence requirements for a qualified elector which requires a residence of one year in the state, one year in the county, and six months in the precinct, or municipality clearly violate the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. Those requirements as contained in § 241 of the Mississippi Constitution of 1890 and § 3235 Mississippi Code 1942 as amended are clearly not necessary to further a compelling state interest. These adjective laws of this state impinge upon and are violative of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and are null and void for the reasons stated in Dunn, Governor v. Blumstein, supra.

■ As to these constitutional and statutory provisions, it is the considered opinion of this Court that a thirty day durational residence requirement would satisfy every reasonable, compelling state interest for a bona fide residence in the state, in the county, and in the precinct and municipality as a condition precedent to the right of a citizen of the United States to become an eligible qualified elector in such elections. Every citizen of the United States (except idiots and insane persons) eighteen years old and upward who has resided in this state for thirty days, and in the county thirty days, and in the election precinct, or municipality for thirty days, and who is duly registered as provided by valid laws of this state, and who has never been convicted of murder, rape, bribery, theft, arson, obtaining money or goods under false pretense, perjury, forgery, embezzlement or bigamy shall be a qualified elector.

The plaintiffs are entitled to injunctive relief against the enforcement of such invalid section of the state Constitution, and invalid statute of this state; and the State Board of Election Commissioners who are charged with the enforcement and supervision of the election laws of this state will be enjoined and directed to apply and enforce the principles of law herein declared, as a temporary and provisional requirement until a valid law is enacted in the place and stead hereof. It shall be understood that this adjudication herein is prospective only, and shall not affect the present right of any citizen to vote who is now qualified to do so.

The motion of the plaintiffs for a summary judgment will be granted for the reasons and on the basis stated. The motion of the defendants for a summary judgment will be denied. A primary election for important state and Federal officers is rapidly approaching. The State Board of Election Commissioners shall promptly issue a notice to the citizens of the United States in Mississippi of the existence and fair import

---

sissippi, et al., 5 Cir., 358 F.2d 215, certiorari denied 385 U.S. 851, 87 S.Ct. 76, 17 L.Ed.2d 79; Carpenter v. Davis, Mayor, (5 CA) 424 F.2d 257.

4. Jurisdiction is vested in this Court in this case by 28 U.S.C. (1958 ed.) § 1343 (3), (4); 42 U.S.C. (1964 ed.) § 1983; 28 U.S.C. (1958 ed.) § 2201 and 28 U.S. C.A. § 2281.

**4**

of this opinion and consequent order of this Court; and of the right of such persons to vote as qualified electors when possessed of the qualifications herein stated. A copy of such notice shall be posted on the bulletin board of the courthouse at each county site in Mississippi, and a copy of such notice shall be published at the seat of government in Jackson, Mississippi in the Jackson Daily News and in the Clarion-Ledger, both newspapers of general circulation in and throughout the state of Mississippi, once each week for three consecutive weeks in each newspaper, commencing promptly after this date. A proof of publication of such notice in each said newspaper shall be promptly filed with the Clerk of this Court in this case at Jackson as due and sufficient notice to the general public of the existence of such rights of citizens to become qualified electors on the conditions herein stated.

The state of Mississippi will be assessed with all costs herein to be taxed by the Clerk of this Court, and as in such cases provided by law.

A judgment accordingly may be prepared and entered by the managing judge for and as the judgment of the entire court.