**Richard J. SARGENT et al., Plaintiffs-Appellants,**

v.

**GENESCO, INC., et al., Defendants-Appellees.**

**No. 72-1536.**

United States Court of Appeals, Fifth Circuit.

March 17, 1972.

Rehearing and Rehearing En Banc Denied Aug. 3, 1972.

---

**10**

See also, D.C., 337 F.Supp. 1244.

R. Alan Stotsenburg, New York City, Guy B. Bailey, Jr., Miami, Fla., Richard A. Boker, Tampa, Fla., Larry Heim Spalding, Sarasota, Fla., H. Gordon Brown, Tampa, Fla., for plaintiffs-appellants.

Sanford M. Litvack, New York City, Donald J. Frickel, Washington, D. C., William Reece Smith, Jr., James W. Ault, Marvin E. Barkin, Albert I. Gordon, Charles F. Clark, Stephen W. Sessums, Tampa, Fla., Leonard W. Cooperman, St. Petersburg, Fla., Jess J. Yado, III, William T. Keen, Daniel N. Burton, Theodore C. Taub, Tampa, Fla., Billy L. Rowe, St. Petersburg, Fla., Douglas Loeffler, Clearwater, Fla., David G. Hanlon, Tampa, Fla., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

BY THE COURT:

In this derivative class action certain shareholders of Leeds Shoes, Inc. seek an injunction pending appeal in order to restrain the defendants from mailing allegedly false and misleading proxy materials connected with the proposed sale of Leeds' assets to Wolverine World-Wide, Inc. Their application for such interim relief alleges that the class of plaintiffs (all Leeds' shareholders) will suffer irreparable harm in the event the representations contained in the proxy materials are ultimately found to be violative of § 14 of the Securities Exchange Act of 1934 because the proposed mailing will permanently alter the *status quo* and thereafter render impractical, if not impossible, any form of effective relief for the defendants' misconduct.

Recognizing the difficulty involved in unraveling a tangled corporate transaction after its consummation, we are nevertheless convinced that the District Court's broad equity power will be capable of fashioning an adequate remedy for any violation of the securities laws which may result if the disputed mailing of the proxy materials takes place. By initiating these proceedings the plaintiffs have clearly forewarned the defendants of the potential consequences of their failure to comply with § 14. Effective equitable relief is not foreclosed simply because the contested corporate action—in this case, the mailing of the proxy materials as the first stage in the transfer of Leeds' assets—has already transpired. Under such circumstances corporate realignments and securities transactions, no matter how intricate or far-reaching, enjoy no special immunity. What has been done may be undone if necessary. Mills v. Electric

Auto-Lite Co., 1970, 396 U.S. 375, 386, 90 S.Ct. 616, 622, 24 L.Ed.2d 593, 603; cf. Hamer v. Campbell, 5 Cir., 1966, 358 F.2d 215, cert. denied, 385 U.S. 851, 87 S.Ct. 76, 17 L.Ed.2d 79.

Without prejudice to their right to seek further equitable relief from the District Court, the plaintiffs' application for an injunction pending appeal is denied. As it is apparent that further action by the Trial Judge is required, the case is remanded to the District Court.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing of the Court's opinion-order of March 17, 1972 is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied. Obviously we have made no determinations as to what, if any, action is appropriate on Remand to the District Court. It has initial, full plenary powers.