# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-EC-00863-SCT

*MONIQUE BROOKS MONTGOMERY*

*v.*

**THE LOWNDES COUNTY DEMOCRATIC EXECUTIVE COMMITTEE AND LEON HINES, IN HIS OFFICIAL CAPACITY AS PARTY CHAIRMAN**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/17/2007 |
| TRIAL JUDGE: | HON. V. R. COTTEN |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BRIAN AUSTIN HINTON |
| ATTORNEY FOR APPELLEES: | WILLIAM THOMAS COOPER |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | REVERSED AND RENDERED - 06/07/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DIAZ, PRESIDING JUSTICE, FOR THE COURT:**

¶1. In this case we are presented with a question of first impression. A candidate for justice court judge does not live in the particular election subdistrict where she wishes to run for office, although she is a resident of that county. Does her lack of residence within the subdistrict prevent her qualifying as a candidate? Because the Constitution of 1890 sets the only requirements for justice court judges, we hold that she is not barred from qualification.

**Facts and Proceeding Below**

¶2. Monique Brooks Montgomery desires to qualify as a candidate for the position of justice court judge in District 3 of Lowndes County. She is a resident of that county but admits that she is not a resident within District 3. The Lowndes County Democratic Executive Committee, through its Chairman Leon Hines, refused to qualify her, citing her lack of residence within the subdistrict of the county. Montgomery petitioned the Lowndes County Circuit Court for a review of that decision.

¶3. After a scholarly and insightful examination of election law, the trial court declined to overturn the decision of the Executive Committee, but noted that the issue was subject to other interpretations. Aggrieved, Montgomery filed a bill of exceptions with this Court pursuant to Miss. Code Ann. § 23-15-961 (Rev. 2001). Because of the importance of timeliness we expedited our review of this case. As the sole issue in this case is one of law, we examine the findings below *de novo*. *See **Boyd v. Tishomingo Co. Dem. Exec. Comm.**,* 912 So. 2d 124, 128 (Miss. 2005).

**Discussion**

¶4. The Constitution of 1890 creates a series of requirements for those wishing to qualify as candidates for the office of justice court judge. Along with providing a four-year term of office and placing educational requirements on those persons elected after 1976, the Constitution requires that "[e]ach justice court judge shall have resided two (2) years in the county next preceding his selection." Miss. Const. of 1890 art. 6, § 171.

¶5. In deciding that Montgomery did not meet the qualifications for candidate, the trial court examined another section of the Constitution, which provides "that as to an office where no other qualification than that of being a qualified elector is provided by this

2

Constitution, the Legislature may, by law, fix additional qualifications for such office."

Miss. Const. of 1890 art. 12, § 250. Based upon this constitutional provision that allows the

Legislature to change qualifications for office in certain instances, the trial court turned to

Miss. Code Ann. § 23-15-359 (8) (Rev. 2001), which requires in pertinent part that:

> The appropriate election commission shall determine whether each candidate is a qualified elector of the state, state district, county or *county district they seek to serve*, and whether each candidate meets all other qualifications to hold the office he is seeking or presents absolute proof that he will, subject to no contingencies, meet all qualifications on or before the date of the general or special election at which he could be elected to office.

(emphasis added). Based upon this reasoning, the trial court concluded that the Legislature

intended that residency requirements in county districts apply to candidates for justice court

judge. A similar conclusion was reached in an opinion rendered by the Office of the

Attorney General:

> It has long been the opinion of this office that a candidate for the office of justice court judge must be a lawful resident of the district they seek to serve based, in part, on the above quoted statute [referencing Miss. Code Ann. § 23-15-359(8)], the constitutional requirement that only qualified electors are eligible to hold public office and the fact that one who is not a resident of a particular justice court district cannot be a qualified elector of that district.

Op. Miss. Att'y Gen., 2005 Miss. AG LEXIS 308, 1-2 (Sept. 23, 2005).

¶6. This reasoning is based upon the assumption that the Legislature could change the

requirements for those seeking the office of justice court judge. This is not the case. Under

the Constitution, the qualifications of a qualified elector are:

¶7. Every inhabitant of this state, except idiots and insane persons, who is a citizen of the United States of America, eighteen (18) years old and upward, who has been a resident of this state for one (1) year, and for one (1) year in the county in which he offers to vote, and for six (6) months in the election precinct or in the incorporated city or town in which he offers to vote, and who is duly

3

registered as provided in this article, and who has never been convicted of murder, rape, bribery, theft, arson, obtaining money or goods under false pretense, perjury, forgery, embezzlement or bigamy, is declared to be a qualified elector, except that he shall be qualified to vote for President and Vice President of the United States if he meets the requirements established by Congress therefor and is otherwise a qualified elector.

Miss. Const. of 1890 art. 12, § 241.[1]  Yet under Article 6, Section 171, "[e]ach justice court judge shall have resided two (2) years in the county next preceding his selection," contrary to the general one-year requirement in Article 12, Section 241.  In addition, the justice court judge section requires that justice court judges "shall be [a] high school graduate or have a general equivalency diploma" if elected after 1976, in contrast to the qualified elector statute, which sets no education requirement.  Miss. Const. of 1890 Art. 6, § 171.

¶8.     The Constitution allows "that as to an office *where no other qualification than that of being a qualified elector is provided by this Constitution*, the Legislature may, by law, fix additional qualifications for such office."  Miss. Const. of 1890 art. 12, § 250 (emphasis added).  A statute crafted by the Legislature may not provide for changes in the justice court judge section of the Constitution.  Only an amendment may accomplish the task of altering

---

[1]At varying times, the federal courts have ruled upon the constitutionality of Section 241 as it relates to disenfranchisement.  These decisions do not affect today's decision.

In ***Graham v. Waller***, 343 F. Supp. 1, 3 (S.D. Miss. 1972), the United States District Court for the Southern District of Mississippi determined that Section 241's one-year residency requirement violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  The court found that a thirty-day durational residence requirement would cure any constitutional issues. The subsequent amendment to this section did not change the residency requirements. Gen. Laws 1972, ch. 626, eff. Nov. 22, 1972.

However, more recently, in ***Cotton v. Fordice***, 157 F.3d 388 (5th Cir. 1998), the Fifth Circuit upheld Section 241 as constitutional.  The court found that "§ 241 as it presently exists is unconstitutional only if the amendments were adopted out of a desire to discriminate against blacks."  *Id.* at 392 (citing ***Hunter v. Underwood***, 471 U.S. 222, 228, 105 S. Ct. 1916, 85 L.Ed. 2d 222 (1985)).

the Constitution. *See Saxon v. Harvey*, 223 So. 2d 620, 624 (Miss. 1969) ("The wisdom of the drafters of our Constitution is not subject to question by this Court, and is to be modified or altered by amendment only").

¶9. Nor is there a conflict between the constitutional provision and the statutes which would require further analysis. *See Bd. of Trs. of State Insts. of Higher Learning v. Ray*, 809 So. 2d 627, 636 (Miss. 2002) ("The general principle followed when considering a possible conflict between the constitution and a statute is that the constitutional provision prevails"); *Saxon*, 223 So. 2d at 624 ("If there exists an irreconcilable conflict" between a statute and the Constitution, "then the constitutional provisions must prevail").

¶10. The Constitution is detailed in setting its requirements for candidates for justice court. The interaction between the residency requirements as set by the Constitution and the districts or subdistricts within counties is properly addressed by constitutional amendment.

**Conclusion**

¶11. For the reasons above, we find that Monique Brooks Montgomery is properly qualified as a candidate. The judgment of the trial court is reversed, and we render judgment enjoining the Lowndes County Democratic Executive Committee and Leon Hines, in his official capacity as party chairman, to place the name of Monique Brooks Montgomery on the August 7, 2007, Democratic ballot as a candidate for Lowndes County Justice Court Judge, District 3. Because of the expedited requirements set out by Miss. Code Ann. § 23-15-961(6) (Rev.2001), any motion for rehearing shall be filed no later than Monday, June 11, 2007, and any response shall be filed no later than Wednesday, June 13, 2007.

¶12. **REVERSED AND RENDERED.**

**WALLER, P.J., GRAVES AND DICKINSON, JJ., CONCUR. RANDOLPH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CARLSON AND LAMAR, JJ. SMITH, C.J., AND EASLEY, J., NOT PARTICIPATING.**

**RANDOLPH, JUSTICE, DISSENTING:**

¶13.  Based upon the exigent circumstances (i.e., the printing of ballots), sufficient time for a lengthy discourse is unavailable.  Nonetheless, after an exhaustive review of the Mississippi Constitution and amendments thereto, relevant federal and state court rulings, and the 1987 adoption of the Mississippi Election Code, Miss. Code Ann. § 23-15-1 *et seq.* (Rev. 2001),[2] I am convinced this primary election contest is controlled by the provisions of the Mississippi Election Code, as long as they are not inconsistent with the United States or Mississippi Constitution.  Analyzing the case sub judice utilizing only the Mississippi Constitution evinces judicial myopia, and results in a disservice to those lawfully charged with the responsibility of qualifying candidates and conducting elections.  Therefore, I must dissent.

¶14.  Article 12, Section 250 of the Mississippi Constitution states:

> [a]ll qualified electors and no others shall be eligible to office, *except as otherwise provided in this Constitution*; provided, however, that as to an office where no other qualification than that of being a qualified elector is provided by this Constitution, the Legislature may, by law, fix additional qualifications for such office.

Miss. Const. art 12, Section 250 (emphasis added).  Provided elsewhere in the Mississippi Constitution, Article 6, Section 171 states, in relevant part, that:

---

[2]Specifically, on December 31, 1986, and January 2, 1987, the United States Attorney General interposed no objections to the changes involved in Chapter 495, Laws of 1986, thereby implementing the effective date of January 1, 1987, for the Mississippi Election Code, Miss. Code Ann. §§ 23-15-1 et seq.

6

[a] competent number of justice court judges and constables shall be chosen in each county *in the manner provided by law*, but not less than two (2) such judges in any county, who shall hold their office for the term of four (4) years. Each justice court judge shall have resided two (2) years in the county next preceding his selection and shall be [a] high school graduate or have a general equivalency diploma unless he shall have served as a justice of the peace or been elected to the office of justice of the peace prior to January 1, 1976.

Miss. Const. art 6, Section 171 (emphasis added). As in **State, ex rel. Attorney General v. Land**, 231 Miss. 529, 95 So. 2d 764 (1957), the "in the manner provided by law" language of Article 6, Section 171 necessarily directs this Court to relevant legislative mandates. *See id*. at 560.[3]

¶15.   Regarding primary elections, the Mississippi Election Code guides this Court by complementing, not defying or invalidating any applicable provision of, the Mississippi Constitution. According to Miss. Code Ann. § 23-15-291:

[a]ll nominations for state, district, county and *county district officers* made by the different parties of this state shall be made by primary elections. *All primary elections shall be governed and regulated by the election laws of the state in force at the time the primary election is held*.

Miss. Code Ann. § 23-15-291 (Rev. 2001) (emphasis added). Focusing solely upon the Mississippi Constitution requires this Court to willfully ignore integral statutes relating to

---

[3]The relevant constitutional section in **Land** was Article 8, Section 204, which states:

[t]here shall be a superintendent of public education in each county, who shall be appointed by the board of education by and with the advice and consent of the Senate, whose term of office shall be four years, and whose qualifications, compensation, and duties, shall be prescribed by law: Provided, That the Legislature shall have power to make the office of county school superintendent of the several counties elective, or may otherwise provide for the discharge of the duties of county superintendent, or abolish said office.

Miss. Const. art. 8, Section 204.

primary election qualification. For example, a $10 candidate fee for primary election is

required. *See* Miss. Code Ann. § 23-15-297(e) (Rev. 2001). Moreover, Miss. Code Ann. §

23-15-299(7) provides, in part, that:

> [u]pon receipt of the proper fee and all necessary information, the proper
> executive committee shall then determine whether each candidate is a *qualified*
> *elector* of the state, state district, county or *county district which they seek to*
> *serve*, *and whether each candidate meets all other qualifications to hold the*
> *office he is seeking* or presents absolute proof that he will, subject to no
> contingencies, meet all qualifications on or before the date of the general or
> special election at which he could be elected to office.

Miss. Code Ann. § 23-15-299(7) (Rev. 2001) (emphasis added).[4] This section requires that

the candidate be both a qualified elector *and* "mee[t] all other qualifications to hold the office

he is seeking[.]" Miss. Code Ann. § 23-15-299(7) (Rev. 2001). Miss. Code Ann. § 23-15-11

outlines who is a qualified elector, stating:

> [e]very inhabitant of this state, except idiots and insane persons, who is a
> citizen of the United States of America, eighteen (18) years old and upwards,
> who has resided in this state for thirty (30) days and for thirty (30) days in the
> county in which he offers to vote, and for thirty (30) days in the incorporated
> city or town in which he offers to vote, and who shall have been duly
> registered as an elector pursuant to Section 23-15-33, and who has never been
> convicted of any crime listed in Section 241, Mississippi Constitution of 1890,
> *shall be a qualified elector in and for the county, municipality and voting*
> *precinct of his residence*, and shall be entitled to vote at any election.

Miss. Code Ann. § 23-15-11 (Rev. 2001) (emphasis added).[5] Article 6, Section 171 provides

---

[4]In ***Grist v. Farese***, 860 So. 2d 1182 (Miss. 2003), a case involving qualification for
the office of district attorney, this Court found the statutory process of qualification provided
in Miss. Code Ann. § 23-15-299(7) was not negated by Article 12, Section 250 and
controlled. *See **id**.* at 1187.

[5]The Majority's discussion of Article 12, Section 241 fails to recognize its limitation
in ***Graham v. Waller***, 343 F. Supp. 1 (S.D. Miss. 1972). There, the United States District
Court for the Southern District of Mississippi determined that Article 12, Section 241 of the
Mississippi Constitution "impinge[d] upon and [was] violative of the Equal Protection Clause

additional qualifications for holding the office of justice court judge. Montgomery's

dilemma is that she concedes she is not a resident of District 3, the very district in which she

is attempting to hold office. As Montgomery is not a qualified elector in the "voting precinct

of [her] residence," Miss. Code Ann. § 23-15-11, the Lowndes County Democratic Executive

Committee abided by existing Mississippi law in deeming her barred from qualification, and

the trial court did not err in agreeing. *See* Miss. Code Ann. § 23-15-299(7) (Rev. 2001)

(candidate must be a "qualified elector of the state, state district, county or county district

---

of the Fourteenth Amendment to the Constitution of the United States and [was] null and void for the reasons stated in [***Dunn, Governor of State of Tennessee, et al. v. Blumstein***, 405 U.S. 330, 92 S. Ct. 995, 31 L. Ed. 2d 274]." ***Graham***, 343 F. Supp. at 3. As such, that Court declared its opinion that:

> a thirty day durational residence requirement would satisfy every reasonable, compelling state interest for a bona fide residence in the state, in the county, and in the precinct and municipality as a condition precedent to the right of a citizen of the United States to became an elected qualified elector in such elections. Every citizen of the United States (except idiots and insane persons) eighteen years old and upward who has resided in this state for thirty days, and in the county thirty days, and in the election precinct, or municipality for thirty days, and who is duly registered as provided by valid laws of this state, and who has never been convicted of murder, rape, bribery, theft, arson, obtaining money or goods under false pretense, perjury, forgery, embezzlement or bigamy shall be a qualified elector.

*Id*. at 3. However, rather than seeking to amend Article 12, Section 241 to conform with this ruling, the Legislature enacted Miss. Code Ann. § 23-15-11 to cure the constitutional flaws found in Article 12, Section 241.

Additionally, the Majority's reliance upon ***Cotton v. Fordice***, 157 F. 3d 388 (5th Cir. 1998) is misplaced. In ***Cotton***, the 5th Circuit merely declared Article 12, Section 241 constitutional insofar as it pertains to the denial of the ballot to any person "convicted of murder, rape, bribery, theft, arson, obtaining money or goods under false pretense, perjury, forgery, embezzlement, or bigamy . . . ." ***Id***. at 389, 392 (quoting Miss. Const. art. 12, Section 241).

9

which they seek to serve[.]").  Based upon the aforementioned analysis, I would affirm the dismissal of the Petition for Judicial Review.

**CARLSON AND LAMAR, JJ., JOIN THIS OPINION.**